543 So.2d 200 (1989)
Bobby VOGEL
v.
STATE.
3 Div. 11.
Court of Criminal Appeals of Alabama.
January 27, 1989.
On Return to Remand April 14, 1989.
Raymond Johnson, Montgomery, for appellant.
Don Siegelman, Atty. Gen., and Sandra Lewis, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
The appellant was charged with possession of burglary tools, in violation of § 13A-7-8, Code of Alabama (1975). The appellant pleaded guilty to that offense, and was sentenced under the Habitual Felony Offender Act to a term of 15 years' imprisonment. This sentence was suspended, and the appellant was ordered to serve 3 years in prison under the Split Sentence Act, and was to be placed on 5 years' probation at the expiration of his sentence. The 3 years' imprisonment was to be served concurrently with a sentence he had in Mississippi.
While serving his sentence in state prison, the appellant was charged with escape in the third degree. Upon learning of the escape charge, the appellant's probation officer filed a petition for revocation of probation with Montgomery County Circuit Court. The Court conducted a revocation hearing on October 10, 1987, but continued that case until after the disposition of the escape offense. Subsequent to the appellant's conviction for escape in the third degree, the court revoked his probation and *201 placed his sentence into effect. Two issues are raised in this appeal of that judgment.

I.
The appellant first contends that the trial court committed reversible error in revoking his probation because he was in prison, and not on probation, when he committed the escape attempt and because the conditions of his parole had never been explained to him. This Court does not agree.
In Wilcox v. State, 395 So.2d 1054 (Ala. 1981), our Supreme Court confronted facts nearly identical to these. In Wilcox, the appellant had been given a five-year split sentence, with one year to be served in the county jail and the remaining four-year term in state prison to be suspended conditioned on his serving a five-year probationary period. Prior to the completion of his jail term, however, the appellant committed another felony and, after a revocation hearing, the court revoked his probation. In reviewing this Court's decision and upholding the judgment of the trial court, the Wilcox Court held as follows:
"[W]here, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense. In other words, the trial court did not err in finding that Defendant violated an implied condition of his probation when he committed the offense of grand larceny...." (Emphasis in original.)
Id. at 1056. See also Wray v. State, 472 So.2d 1119 (Ala.1985); Ringstaff v. State, 480 So.2d 50 (Ala.Cr.App.1985).

II.
The appellant next contends that the trial court erred in failing to make a "written statement" of the evidence relied on and the reasons for revoking his probation.
It is clear that, under Alabama law, the trial judge is required to make a written statement as to the evidence relied on, and the reasons for revoking probation Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 623 (1975); See also Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973). Review of the record, however, indicates that no such written statement was made by the court prior to the revocation of the appellant's probation. The State argues that, because the evidence relied on and the reasons for revocation of appellant's probation are readily apparent from the record, no "written statement" as contemplated by Armstrong, supra, should be required. This argument, however, finds little support under Alabama law. As this Court stated in Taylor v. State, 405 So.2d 55 (Ala.Cr.App. 1981);
"Our review shows that the requirements of Armstrong, supra, have not been satisfied. In revoking probation, a trial judge must make a written statement as to the evidence relied on and the reasons for revoking probation." (Emphasis in original; citations omitted.)
Id. at 56.
This cause is therefore remanded with directions that the probation revocation requirements, as established in Armstrong, supra, be satisfied.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
On remand, the trial court by written order set forth the evidence relied on and the reasons for the revocation of the appellant's probation, as required by Armstrong, 294 Ala. 100, 312 So.2d 620, 623 (1975). From the facts set out in the order, this Court finds that the trial court properly revoked the appellant's probation because he had committed a criminal offense during his probationary period. Because we have previously decided appellant's other issue, we now find that the judgment of *202 the trial court is correct and is due to be affirmed.
OPINION EXTENDED; AFFIRMED.