PATTERSON, Judge.
The appellant, Samuel Robert Burge, appeals from the revocation of his probation. On May 10, 1991, the appellant was indicted for the crime of sodomy in the first degree. Ala.Code (1975), § 13A-6-63. On August 22, 1991, pursuant to a plea bargain agreement, he pleaded guilty to sexual abuse in the first degree (§ 13A-6-66), and was sentenced as a habitual offender to 15 years’ imprisonment. Pursuant to the split sentence act (codified at § 15-18-8, Code of Alabama 1975), the judge ordered the appellant to serve one year in prison, and he was placed on probation for the remaining 14 years. Thereafter, on September 4, 1992, the trial court ordered his arrest for an alleged probation violation,[1] and he was arrested on September 19, 1992, and incarcerated in the Jefferson County jail. On October 14, 1992, a revocation hearing was held, and the trial court revoked his probation, ordering him to serve the balance of his 15-year sentence.
The appellant first contends that the probationary period of 14 years was illegal because § 15-22-54(a), Ala.Code 1975, limits probation to 5 years in- felony cases. He relies on Hambley v. State, 565 So.2d 692 (Ala.Cr.App.1990). He asks us either to reduce the probation period to five years or to remand the case to the trial court with instructions for it to do so. Hambley holds, as the appellant contends, that under § 15-22-54(a) the maximum probationary period that can be granted a defendant found guilty of a felony is five years. However, the appellant was not sentenced under § 15-22-54(a), but under § 15-18-8. Section 15-18-8 provides, in pertinent part, as follows:
“(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the state of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best....”
[[Image here]]
“(b) ... Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.”
The legislature, in enacting § 15-18-8, obviously intended to provide that a defendant could be sentenced to imprisonment not exceeding three years, after which he could be placed on probation for the remainder of his sentence, even if that sentence was 15 years’ imprisonment. We find no conflict between the two statutes. We construe §§ 15-22-54(a) and 15-18-8 so that each is afforded a field of operation. Hatcher v. State, 547 So.2d 905 (Ala.Cr.App.1989). Thus, the appellant’s contention that the 14-year probationary period was illegal is without merit.
The appellant further contends that he was denied due process of law by the failure of the trial court to follow the requirements of § 15-22-54; A.R.Crim.P. 27; and Armstrong v. State, 312 So.2d 620 (Ala.1975), *452 in the probation revocation proceedings. Based on the record before us, we agree. The record does not contain a transcript of the revocation hearing, nor does it show that the appellant was given proper notice of the proceedings and an opportunity to present evidence in his own behalf. The record does not contain evidence to support the revocation, nor does it contain a written statement of the trial court detailing the evidence relied upon and giving the reasons for revoking probation as required by Armstrong v. State. For these reasons we reverse the judgment revoking the appellant’s probation and remand the case to the trial court.
REVERSED AND REMANDED.
All Judges concur.

. The record on appeal does not show which condition of the probation was violated.