PATTERSON, Judge.
The appellant, Samuel Robert Burge, appeals the trial court’s order revoking his probation. Burge’s probation was originally revoked by the Jefferson Circuit Court on October 14,1992. Burge appealed that revocation order to this court. This court reversed the trial court’s judgment and remanded the case to the trial court on May 28, 1993, for failure to comply with Armstrong v. State, 312 So.2d 620 (Ala.1975). See Burge v. State, 623 So.2d 450 (Ala.Cr.App.1993). This court issued a certificate of final judgment in that case on June 15, 1993. However, the trial court held a hearing on June 14, 1993, and issued an order on June 23, 1993, reading, in part, as follows:
“Probation revocation hearing held this date. After due consideration it is the opinion of this court that defendant’s probation is due to revoked and it is hereby revoked and defendant’s sentence is hereby put into effect. Defendant’s attorney of record present and the Hon. Maria Reuth *625 er and present for the State of Alabama the Hon. Bryant Speed. [Emphasis added.]”
Burge contends that the trial court was without jurisdiction to hold a hearing on June 14,1993, one day before this court issued the certificate of final judgment, and that any event, if any, that took place on June 23, 1993, should also be held invalid because it would be only an extension of the June 14, 1993, proceeding. He also contends that, if the revocation hearing was held after the trial court regained jurisdiction, the trial court failed to meet the standards set out in Armstrong v. State and Rule 27.6(f), A.R.Cr.P. The state contends that this case is due to be remanded to the trial court solely because of the trial court’s failure to comply with Armstrong. The state contends that the hearing began on June 14,1993, and was not completed until June 23, 1993, and thus that the revocation hearing was held after the trial court regained jurisdiction.
It is unclear from the record submitted on appeal whether the actual revocation hearing took place on June 14, 1993, or on June 23, 1993. The record does not contain any transcription of a hearing held on June 23. If the hearing of June 14 was, in fact, the hearing upon which probation was revoked, the trial court was without jurisdiction to act, and if that was the case, then we instruct the trial court to conduct another probation revocation hearing on remand. If the revocation hearing actually took place on June 23, the trial court is instructed to (1) have the clerk transcribe that hearing and include it in the record on return to remand, and (2) submit a written statement of its reasons for revoking Burge’s probation as well as the facts it relied on in making that decision.
Burge further contends that the evidence presented was insufficient to justify revocation of his probation. He also contends that the hearing was not impartial because, he says, the trial court assumed the role of a prosecutor in the hearings of both June 14 and June 23, and because, he says, certain of the trial court’s comments indicated that the trial court was searching for any reason to revoke his probation. These issues can not be addressed until a transcript, if any, of a June 23 hearing, if held, is submitted to us and until the trial court issues a written statement detailing its reasons for revoking Burge’s probation and the facts relied on in its decision to revoke Burge’s probation.
For the reasons stated above, we remand this case to the trial court for a new revocation hearing should the trial court determine that the June 14 hearing was, in fact, the revocation hearing or, in the alternative, should it determine that the revocation hearing occurred on June 23, the trial court should submit written findings of the reasons for revoking Burge’s probation and facts relied upon in deciding to revoke Burge’s probation. The return to remand should contain a transcript of the June 23 proceeding. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and no later than 42 days from the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.

 On return to the remand, the court on September 9, 1994 affirmed the decision by an unpublished memorandum.