The appellant, James Ross Leonard, pleaded guilty to unlawful possession of marijuana in the first degree. He was sentenced to 10 years' imprisonment. His sentence was split pursuant to the Alabama Split Sentence Act, and he was required to serve one year in prison, followed by a five-year period of probation. During the appellant's initial one-year confinement period, he participated in a work release program. Before completing his confinement period, however, the appellant allegedly committed two infractions and was terminated from the work release program.[1] As a result, the state filed what it styled as a "petition to modify or suspend sentence," seeking to have the trial court remove the "split-sentence portion" of the appellant's sentence and impose the remainder of the appellant's 10-year sentence. After a hearing, the trial court stated that it was "modifying" the appellant's sentence by removing the split-sentence portion and imposing the balance of his 10-year prison term.
 I
The appellant contends that the trial court's "modification" of his sentence amounted to a revocation of his probation and he further contends that the trial court did not have authority to revoke his probation because, he says, at the time of the purported revocation he was still serving the confinement portion of his split sentence and was not yet "on probation."
While we agree with the appellant that the trial court effectively revoked his probation, we disagree with his contention that the trial court lacked the authority to do so merely because he was still serving the confinement portion of his sentence. As this court noted in Vogel v. State,543 So.2d 200 (Ala.Cr.App. 1989):
 "In Wilcox [v. State, 395 So.2d 1054 (Ala. 1981)], the appellant had been given a five-year split sentence, with one year to be served in the county jail and the remaining four-year term in state prison to be suspended conditioned on his serving a five-year probationary period. Prior to the completion of his jail term, however, the appellant committed another felony and, after a revocation hearing, the court revoked his probation. In reviewing this Court's decision and upholding the judgment of the trial court, the Wilcox Court held as follows:
 " '[W]here, as here, Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense. In other words, the trial court did not err in finding that Defendant violated an implied condition of his probation when he committed the offense of grand larceny. . . .' (Emphasis in original.)"
543 So.2d at 201.
In Vogel, as in Wilcox v. State, 395 So.2d 1054 (Ala. 1981) (and as is the case alleged here), the appellant received a split sentence and had committed the acts forming the basis for his probation revocation while serving *Page 556 
the confinement portion of the sentence — before beginning the probation portion of his sentence. Thus, the mere fact that the appellant was serving the confinement portion of his split sentence and had not yet begun the probation aspect did not deprive the trial court of authority to revoke the appellant's probation.
 II
The appellant contends that he was deprived of due process by the trial court's failure to follow, over the appellant's objection, any of the requirements of Rule 27, Ala. R. Crim. P., in revoking his probation. We agree. It appears that because the trial court was considering the state's "petition to modify or suspend sentence" and evidently believed that it was acting only to "modify" the appellant's sentence, the court did not comply with the due process requirements of probation revocation proceedings, as set out in Rule 27. However, a petition to modify a sentence must be filed no more than 30 days after the day of sentencing. Ex parte Hayden,531 So.2d 940 (Ala.Cr.App. 1988). Here, the state's petition to modify the appellant's sentence was filed more than four months after the appellant was sentenced. Thus, the trial court could not "modify" the appellant's sentence in response to the petition. While the trial court did have authority to revoke the appellant's probation, the trial court could not properly do so without meeting the requirements of Rule 27. When a split sentence is imposed and the period for filing a petition to modify a sentence has expired, in order for the trial court to revoke probation and impose the original sentence of imprisonment, the procedural due process rights of the defendant must be protected; the court must conduct a proper probation revocation proceeding.
For the reasons stated above, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion. We note that should proper probation revocation proceedings be initiated and should the trial court subsequently revoke the appellant's probation, the trial court should make written findings stating its reasons for revoking probation and the evidence it relied upon in doing so. Rule 27.6(f), Ala. R. Crim. P.; Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975). See Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
REVERSED AND REMANDED.
All Judges concur.
[1] The appellant tested positive for the presence of drugs on a drug-screening test and failed to turn his paycheck over to the work release program as agreed.