Leon Dawson Henderson appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged his August 5, 1997, probation revocation. The record reflects that Henderson was convicted of first-degree robbery and first-degree burglary on August 6, 1996. The trial court sentenced Henderson to 15 years imprisonment; that sentence was split pursuant to § 15-18-8, Ala. Code 1975, and he was ordered to serve 3 years with the remainder of the sentence to be served on supervised probation. On August 5, 1997, after the trial court received notice from the Alabama Department of Corrections of certain disciplinaries against Henderson, the Court unilaterally revoked Henderson's probation. Henderson did not file a direct appeal from the revocation. In his Rule 32 petition, Henderson asserts that the trial court lacked authority to revoke Henderson's probation without compliance with the minimum due process requirements of Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), as incorporated in Rule 27, Ala.R.Crim.P. In summarily denying Henderson's petition for relief, the trial court wrote:
 "The Petitioner alleges in his petition that this Court failed to provide the Petitioner with due process before revoking his probation. Accordingly, the Petitioner alleges that his probation should be reinstated.
 "Unlike Code of Alabama, Section 15-22-54(d)(2), which requires the Court to conduct a hearing before revoking a Defendant's probation, Section 15-18-8(c) provides, in pertinent part:
 "`Regardless of whether the Defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a) the Court shall retain jurisdiction and authority throughout said . . . period . . . and the Court may revoke . . . probation.'
 "This Court therefore finds that it did have jurisdiction to render the judgment and to impose the sentence and that no purpose would be served by any further proceedings herein. It is therefore ORDERED, ADJUDGED, AND DECREED that said Petition be and the same hereby is DENIED."
(C. 22.) Henderson appeals from this denial of his Rule 32 petition.
On appeal, Henderson restates the argument made in his petition. The State agrees with Henderson and asks this court to remand the cause to the trial court in order for that court to hold a probation revocation hearing in compliance with Armstrong. The appellant and the State are correct. *Page 219 
In Leonard v. State, 686 So.2d 554 (Ala.Cr.App. 1996), this court answered a similar question as follows:
 "While the trial court did have authority to revoke the appellant's probation, the trial court could not properly do so without meeting the requirements of Rule 27 [Ala.R.Crim.P.] When a split sentence is imposed and the period for filing a petition to modify a sentence has expired, in order for the trial court to revoke probation and impose the original sentence of imprisonment, the procedural due process rights of the defendant must be protected; the court must conduct a proper probation revocation proceeding."
Leonard v. State, 686 So.2d at 556.
For the reasons stated above, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion. As we cautioned in Leonard, should proper probation revocation proceedings be initiated and should the trial court subsequently revoke Henderson's probation, the trial court should make written findings stating its reasons for revoking probation and the evidence it relied upon in doing so. Rule 27.6(f), Ala.R.Crim.P.; Leonard v. State, supra.
REVERSED AND REMANDED.
Long, P.J., and McMillan, Baschab, and Fry concur. *Page 836