COBB, Judge,
dissenting.
J.R.B.S. was adjudicated delinquent by the Lee County Juvenile Court on an underlying charge of sexual abuse in the first degree, § 13A. — 6—66(a)(1), Ala.Code 1975. On August 7, 2002, the juvenile court issued a written order placing J.R.B.S. on probation and under supervision; the court ordered that J.R.B.S. be committed to the Department of Youth Services (“DYS”); it then suspended that commitment and placed J.R.B.S. on formal probation. On November 5, 2003, the juvenile court held another hearing and heard testimony from J.R.B.S.’s probation officer and the psychologist who had been treating J.R.B.S., both of whom testified that J.R.B.S. was not progressing well in counseling. The trial court vacated the suspended commitment and committed J.R.B.S. to DYS custody. At the hearing, defense counsel objected to the commitment on grounds that the State had not filed a verified petition to revoke probation.
In its unpublished memorandum affirming the trial court’s order vacating the suspended commitment and revoking J.R.B.S.’s probation and committing him to DYS, the majority holds that the juvenile court’s revocation of probation without a petition first being filed was not error because, it reasons, a juvenile court has continuing jurisdiction over an adjudicated delinquent, and because J.R.B.S. was given sufficient notice of the specific charge against him. I disagree with the majority’s analysis and conclusions as to this issue; therefore, I dissent.
I am well aware that some may view a reversal in this case to be a waste of judicial resources. However, because the underlying rights that were violated in this case are, in my opinion, of such importance in our system of justice, I believe that the error here must be recognized and rectified. The majority acknowledges that § 12-15-75(b), Ala.Code 1975, provides that a proceeding to revoke probation “shall be commenced by the filing of a petition entitled ‘petition to revoke probation,’ ” (emphasis added) and that the terms of the statute indicate that the procedures are mandatory.
The majority holds that the absence of a petition to revoke probation in this case did not deprive the juvenile court of jurisdiction because the requirements of the statute are not jurisdictional and because §§ 12-15-30 and 12-15-32, Ala.Code 1975, provide that a juvenile court retains jurisdiction over juveniles until that jurisdiction is terminated by order or by the juvenile’s reaching the age of 21 years. The majority further holds that no due-process rights *447 were violated by the lack of a petition because J.R.B.S. was placed on sufficient notice of the charges against him and because he and his attorney appeared at the hearing and cross-examined the witnesses.
If the majority’s rationale were followed to its logical conclusion, § 12-15-75 would be rendered inapplicable and unnecessary in any revocation case. If the juvenile court’s continuing jurisdiction eliminates the requirement of a revocation petition in this case, it would do so in all other cases. Certainly the Legislature did not intend to enact a statute that would have no effect and that could, in all revocation proceedings, be circumvented. Therefore, I disagree with the majority’s conclusion that the juvenile court’s continuing jurisdiction over juveniles on whose cases it has ruled somehow confers jurisdiction over a revocation proceeding in which no revocation petition was filed.
We rejected the majority’s rationale in an analogous situation involving the Split Sentence Act, § 15-18-8, Ala.Code 1975. Henderson v. State, 766 So.2d 217 (Ala.Crim.App.2000). In that case, Henderson received a split sentence following convictions for burglary and robbery. The trial court was notified by the Department of Corrections that Henderson had received prison disciplinaries, and the court unilaterally revoked Henderson’s probation. When Henderson objected in a Rule 32, Ala. R.Crim. P., petition to the trial court’s lack of compliance with the due-process requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), as incorporated in Rule 27, Ala. R.Crim. P., the trial court denied the petition and noted that § 15-18-8(c), Ala.Code 1975, provides that a trial court retains jurisdiction and authority throughout the sentencing period and that it may revoke probation. This Court reversed the trial court’s judgment, noting that, while the trial court had the authority to revoke Henderson’s probation, it could not do so without first initiating proper revocation proceedings. For the same reasons we expressed in Henderson, I believe that the grant of continuing jurisdiction in the juvenile statute does not eliminate the requirement of a revocation petition in this, or any other, juvenile case.
I also do not agree that J.R.B.S.’s due-process rights were adequately protected in this case. The psychologist wrote a letter to the court regarding J.R.B.S.’s lack of progress in treatment, and the trial court scheduled a “review hearing” to consider the information. Nothing in the record before us indicates that J.R.B.S. was put on notice that the proceeding was intended to be a revocation proceeding or that the trial court could reinstate his commitment to DYS at that hearing. That he and his attorney had notice of and appeared at what the trial court considered to be a “review hearing” does not satisfy the minimal due-process requirements established and applied in revocation proceedings. See, e.g., S.B.S. v. State, 675 So.2d 1340 (Ala.Crim.App.1994).
Although the result in this proceeding would likely remain the same if the cause were remanded, the lack of a petition for revocation of probation in this case nonetheless requires that this Court reverse the trial court’s judgment and remand the ease for further proceedings. To affirm the revocation of J.R.B.S.’s probation on these facts would, in my opinion, be a step onto a slippery slope that could lead to further erosion of long-protected rights. Therefore, I dissent.