WELCH, Judge.
 

 James Albert Ragland appeals from the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. The petition challenged Rag-land’s June 11, 2007, convictions for murder and attempted murder. On August 13, 2007, the trial court issued an order in which it sentenced Ragland to 20 years in prison on the murder conviction; it then split that sentence, ordering Ragland to serve 5 years followed by 5 years of supervised probation. In that same order the trial court sentenced Ragland to 20 years in prison on the attempted-murder conviction; it then split that sentence, ordering Ragland to serve 3 years followed by 5 years of supervised probation. On October 12, 2007, the circuit court entered orders resentencing Ragland to serve two full terms of 20 yeare in prison for each conviction. The orders stated: “[T]he Court has reviewed and considered the Sentencing Standards. It is therefore, CONSIDERED BY THE Court and it is the JUDGMENT AND SENTENCE of the Court that [Ragland] be imprisoned in the State Penitentiary for a term of twenty (20) years.” (CR. 22 and 23; Capitalization in original) Ragland appealed, and his appeal was dismissed on November 26, 2007. The Court’s certificate of judgment was issued on November 26, 2007.
 

 The instant Rule 32 petition, Ragland’s first, was deemed filed on July 18, 2008. In the petition, Ragland raised the following claims: that the trial court did not have the authority to resentence him; that his convictions for murder and attempted murder arising out of the same actions violated the Double Jeopardy Clause; that the trial court did not have jurisdiction to impose the sentences it imposed; that the trial court exceeded its jurisdiction by imposing excessive fines and restitution without a hearing; and that the trial court was without jurisdiction to order him to pay assessments to the Crime Victims Compensation Fund and to the Alabama Crime Compensation Commission. On November 19, 2008, Ragland filed a motion to amend his Rule 32 petition, alleging that his counsel had rendered ineffective assistance because his counsel did not object to the State’s motion to vacate his split sentence. Ragland maintained that this failure to object prejudiced his defense in such a manner that, but for counsel’s errors, there would have been a different
 
 *765
 
 outcome to the probation-revocation hearing. ■
 

 On December 1, 2008, the State filed a motion to dismiss Ragland’s petition, alleging that Ragland’s double-jeopardy claim was without any basis, that Ragland’s initial sentence was erroneously entered by the trial court, and that Ragland was afforded the opportunity to withdraw his guilty plea and chose not to do so. The State also alleged that Ragland’s claim that the trial court was without jurisdiction to impose judgment or sentence was without any basis and that the restitution amount the trial court ordered had been presented to the trial court before sentencing and that Ragland had not objected and is now precluded under Rule 32.2(a)(3) from asserting that claim. The State alleged that Ragland’s claims were barred by Rule 32.2(a)(2), (3), (4), and/or (5) because they were raised either at the time Ragland entered his guilty plea, at sentencing, or on appeal and were decided adversely to Ragland or he could have raised those claims when he entered his guilty plea, at sentencing, or on appeal, and failed to do so. However, the State did not address Ragland’s ineffective-assistance-of-counsel claim in his amended petition.
 

 On January 26, 2009, the circuit court issued an order holding that Ragland’s double-jeopardy claim was without basis in law or fact and “that the other matters of which the defendant claims deal with errors in the sentencing procedure of the defendant subsequent to his plea of guilty as to each of the offenses in question.” (C. 36.) The circuit court further stated in its order that the initial sentences were entered erroneously and, therefore, had to be vacated. When the sentences were vacated, Ragland was afforded the opportunity to withdraw his guilty pleas. Ragland declined to withdraw his pleas and was thereafter resentenced by the trial court. The circuit court also held that Ragland’s claim that the trial court lacked jurisdiction to render judgment or to impose a sentence was without basis in fact or law because the trial court had exclusive jurisdiction over the offenses. The circuit court held that the trial court was presented with restitution matters before sentencing and that Ragland had failed to object and is now precluded by Rule 32.2(a)(3) from asserting that claim. Finally, the circuit court held that each of the grounds addressed in its order was precluded by Rule 32.2(a)(2), (3), (4), and/or (5). However, the trial court did not address the ineffective-assistance-of-counsel claim asserted in Ragland’s amended petition.
 

 On appeal, Ragland raises the following issues: that his sentences violate the Double Jeopardy Clause and that he was denied the effective assistance of counsel. In its brief on appeal, the State maintains that summary dismissal of Ragland’s petition was proper, that Ragland’s ineffective-assistance-of-counsel claim is meritless under to
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that Ragland’s challenges to his sentences are also meritless. Finally, the State alleges that Ragland’s claims are barred under Rule 32.2(a)(3) and (5).
 

 Claim One
 

 Ragland claims that the sentences imposed on resentencing violate the Double Jeopardy Clause because the trial court’s order imposing two sentences of 20 years imprisonment did not expressly revoke Ragland’s two previous split sentences.
 

 Initially, we note that we doubt the soundness of Ragland’s assertion that he is entitled to relief because his “resentenc-ing” violated his right to be free from being placed in double jeopardy.
 
 See Ex parte Robey,
 
 920 So.2d 1069 (Ala.2004), and
 
 Ex parte Benefield,
 
 932 So.2d 92 (Ala.
 
 *766
 
 2005) (examples of double jeopardy affecting jurisdiction). Nevertheless, we need not address Ragland’s claim in terms of double jeopardy. The claim, as an illegal sentence claim — a jurisdictional challenge exempt from procedural bars — entitles Ragland to relief.
 
 See Ginn v. State,
 
 894 So.2d 793, 796 (Ala.Crim.App.2004) (“[A] challenge to an illegal sentence is jurisdictional and can be raised at any time.”).
 

 We further note that the claim that the October 12, 2007, resentencings were necessary to correct the illegal sentences imposed on August 13, 2007, is not supported by the record. The sentences imposed on August 13, 2007, sentencing Ragland to 20 years in prison for each conviction, then splitting the sentences to 5 years with 5 years of supervised probation for the murder conviction and 3 years with 5 years of supervised probation for the attempted-murder conviction, were legal sentences.
 
 See
 
 § 13A-6-2(c), Ala.Code 1975 (murder is a Class A felony); § 13A-4-2(d)(l), Ala. Code 1975 (attempted murder is a Class A felony); § 13A-5-6(a), Ala.Code 1975 (20 years is within the sentencing range for a Class A felony); and § 15-18-8(a)(l), Ala. Code 1975 (explanation of a split sentence).
 

 Henderson v. State,
 
 766 So.2d 217 (Ala.Crim.App.2000), is dispositive of this issue. We quote extensively from
 
 Henderson:
 

 “Leon Dawson Henderson appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. The petition challenged his August 5,1997, probation revocation. The record reflects that Henderson was convicted of first-degree robbery and first-degree burglary on August 6, 1996. The trial court sentenced Henderson to 15 years imprisonment; that sentence was split pursuant to § 15-18-8, Ala.Code 1975, and he was ordered to serve 3 years with the remainder of the sentence to be served on supervised probation. On August 5, 1997, after the trial court received notice from the Alabama Department of Corrections of certain disciplinaries against Henderson, the Court unilaterally revoked Henderson’s probation. Henderson did not file a direct appeal from the revocation. In his Rule 32 petition, Henderson asserts that the trial court lacked authority to revoke Henderson’s probation without compliance with the minimum due process requirements of
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975), as incorporated in Rule 27, Ala. R.Crim. P. In summarily denying Henderson’s petition for relief, the trial court wrote:
 

 “ ‘The Petitioner alleges in his petition that this Court failed to provide the Petitioner with due process before revoking his probation. Accordingly, the Petitioner alleges that his probation should be reinstated.
 

 “ ‘Unlike Code of Alabama, Section 15-22-54(d)(2), which requires the Court to conduct a hearing before revoking a Defendant’s probation, Section 15-18-8(c) provides, in pertinent part:
 

 “ ‘ “Regardless of whether the Defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a) the Court shall retain jurisdiction and authority throughout said ... period ... and the Court may revoke ... probation.”
 

 “ ‘This Court therefore finds that it did have jurisdiction to render the judgment and to impose the sentence and that no purpose would be served by any further proceedings herein. It is therefore ORDERED, ADJUDGED, AND DECREED that said Petition be and the same hereby is DENIED.’
 

 
 *767
 
 “(C. 22.) Henderson appeals from this denial of his Rule 32 petition.
 

 “On appeal, Henderson restates the argument made in his petition. The State agrees with Henderson and asks this court to remand the cause to the trial court in order for that court to hold a probation revocation hearing in compliance with
 
 Armstrong.
 
 The appellant and the State are correct.
 

 “In
 
 Leonard v. State,
 
 686 So.2d 554 (Ala.Cr.App.1996), this court answered a similar question as follows:
 

 “ “While the trial court did have authority to revoke the appellant’s probation, the trial court could not properly do so without meeting the requirements of Rule 27 [Ala. R.Crim.P.] When a split sentence is imposed and the period for filing a petition to modify a sentence has expired, in order for the trial court to revoke probation and impose the original sentence of imprisonment, the procedural due process rights of the defendant must be protected; the court must conduct a proper probation revocation proceeding.’
 

 “Leonard v. State,
 
 686 So.2d at 556.
 

 “For the reasons stated above, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion. As we cautioned in
 
 Leonard,
 
 should proper probation revocation proceedings be initiated and should the trial court subsequently revoke Henderson’s probation, the trial court should make written findings stating its reasons for revoking probation and the evidence it relied upon in doing so. Rule 27.6(f), Ala. R.Crim. P.;
 
 Leonard v. State, supra.” Henderson,
 
 766 So.2d at 218-19;
 
 see Vogel v. State,
 
 543 So.2d 200, (Ala.Crim.App.1989) (probation officer filed petition for revocation where recipient of a split sentence violated terms of probation by committing a new offence while he was still serving incarceration portion of his split sentence).
 

 For the reasons set forth above, the circuit court’s judgment as to this claim was error. The trial court could not revoke Ragland’s probation without affording him due process. Accordingly, Rag-land is entitled to have his original split sentence reinstated. The State is free to initiate revocation proceedings.
 

 Claim Two
 

 Ragland also claims on appeal that he was denied effective assistance of counsel because his attorney “did nothing” during resentencing, did not object, did not appeal, and told Ragland that “if he attempted to withdraw his plea for trial he would get life.” (Ragland’s brief at 3.) Because Ragland prevailed as to claim one, above, this argument becomes moot.
 

 For the reasons stated in “claim one,” the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and KELLUM and MAIN, JJ., concur.
 

 WINDOM, J., concurs in the result.