WELCH, Presiding Judge,
dissenting.
I respectfully dissent from the majority opinion affirming the trial court’s dismissal of Brand’s Rule 32, Ala. R.Crim. P., petition. The issue presented by this appeal— whether imposition of consecutive split sentences in the same sentencing hearing results in an illegal sentence — is one of first impression in Alabama.
The majority, without citing any authority allowing such action, construes the consecutive sentences ordered by the trial court into a hybrid consecutive and concurrent amalgam, containing some of the characteristics of each type of sentence, resulting in a new sentence that is completely different from the two consecutive sentences actually ordered by the trial court. I have found no case that allows this court to change the nature of a sentence ordered by a trial court, and I do not believe that this court has jurisdiction to modify a sentence in that manner.
In addition, the majority opinion ignores the principles announced in Ex parte Jackson, 415 So.2d 1169 (Ala.1982), and Minshew v. State, 975 So.2d 395, 397 (Ala.Crim.App.2007), which held that a sentencing order that resulted in consecutive periods of probation in excess of the limitations on the length of probation set in the relevant Code sections resulted in an illegal sentence. The majority’s dismissal of the limitations found in both Ex parte Jackson and Minshew v. State ignores the fact that the legislature enacted limits on the confinement portion and the probationary portion of split sentences and that it is appropriate to consider other cases interpreting statutory schemes that also set out a limitation in sentencing tyhen interpreting the Split Sentence Act.
I believe that a review of the relevant caselaw and statutes will show that the consecutive imposition of split sentences results in an illegal sentence and that this court should reverse the circuit court’s dismissal of Brand’s petition. Although the sentences imposed were within the statutory range for first-degree-sexual-abuse convictions, the manner in which they were imposed, as consecutive split sentences, was invalid.
*993 “Although we find that summary denial of Austin’s Rule 32 claim was proper, we also find that the execution of Austin’s sentence was illegal. ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).”
Austin v. State, 864 So.2d 1115, 1117 (Ala.Crim.App.2003).

Procedural History

Brand pleaded guilty to counts 7 and 8 of a multiple-count indictment. The trial court entered separate sentencing orders for counts 7 and 8, each of which imposed identical split sentences consisting of 5 years’ incarceration followed by 10 years’ supervised probation. The orders provided, in pertinent part:
“THE DEFENDANT IS SENTENCED for a period of 20 yrs to the custody of the ( X ) DEPARTMENT OF CORRECTIONS....
“SUSPENDED SENTENCE “( X ) This sentence is SUSPENDED and the Defendant is placed on ( X ) supervised (_) unsupervised probation for 10 yrs.
[[Image here]]
“SPLIT SENTENCE “( X ) As a first condition of probation [12]] the Defendant shall serve a period of 5 yrs in the custody of the ( X ) DEPARTMENT OF CORRECTIONS....”
(C. 28-29; capitalization in original.)
Brand did not file a direct appeal of his convictions. The instant Rule 32 petition, Brand’s first, was deemed filed on July 8, 2010, and was untimely. Brand filed the standard Rule 32 form found in the appendix to Rule 32. He also attached a supplement setting out his detailed claims.
In his brief on appeal Brand argues that the court was without jurisdiction to render judgment or to impose sentence because the sentences imposed exceed the maximum authorized by law, or are otherwise not authorized by law.
The State filed a motion to dismiss, asserting that Claim 2 was not jurisdictional and was precluded under Rule 32.2(a) because the claim could have been raised at trial or on appeal, and under Rule 32.2(c) because the petition was untimely.
The circuit court issued the following order dismissing Brand’s Rule 32 petition:
“ORDER
“This action is before the Court on James E. Brand’s Petition for Relief from Conviction or Sentence Pursuant to Rule 32, Alabama Rules of Criminal Procedure, and the State’s Response. Brand filed a Declaration in Support of Request to Proceed In Forma Pauperis which the Court grants and Brand may *994 proceed without being required to prepay fees, costs or give security.
“On May 9, 2006, Brand entered a plea of guilty to two counts of sexual abuse, 1st degree as a habitual offender with one prior adult felony conviction. Defendant was sentenced to two consecutive twenty (20) year sentences, which were suspended and Brand was placed on supervised probation for ten years. A first condition of probation was to serve a period of five years in the custody of the Department of Corrections on each count.
“Brand alleges that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief; the Court was without jurisdiction to render the judgment or to impose the sentence; the sentence imposed exceeds the maximum authorized by law or is not otherwise authorized by law; newly discovered material facts exist which require that the conviction or sentence be vacated by the Court; and, petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part.
“The only ground that Brand provided any information, facts and arguments was that the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.
“These grounds are precluded in that they could have been, but were not raised at trial, Rule 32.2(a)(3); could have been, but were not, raised on appeal; Rule 32(a)(5); and, are precluded under Rule 32.2(e) in that the petition was not timely filed.
“ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that the Petition for Relief from Conviction or Sentence is and it is hereby denied and dismissed.”
(C. 50-51.)
Because the trial court did not in its sentencing order to counts 7 and 8 direct that the sentences, or any part thereof, are to be served concurrently, the sentences for counts 7 and 8 must be served consecutively. See § 14-3-38, Ala.Code 1975, and Rule 26.12, Ala. R.Crim. P.

Analysis

Brand argues that the trial court exceeded its authority when it imposed two consecutive five-year periods of confinement because, he says, the total term of confinement exceeded the five-year limitation provided for in § 15-18-8(a)(l), Ala. Code 1975. Because Brand’s petition was untimely, because he did not plead that the doctrine of equitable tolling should be applied, and because the State pleaded that his claim was precluded on the ground that it was untimely, he could be given relief by the trial court only if his sentence was illegal. It is well settled that a facially valid challenge to the legality of a sentence presents a jurisdictional issue that can be raised at any time and that is not subject to the procedural bars of Rule 32.2, Ala. R.Crim. P. See Barnes v. State, 708 So.2d 217, 219 (Ala.Crim.App.1997).

The Split Sentence Act

Brand was sentenced pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975. The prologue of the Split Sentence Act states its purpose:
“To provide an alternative sentencing procedure which authorizes the courts to impose a minimum term for imprisonment with the remainder of the sentence to be served on probation.”
Ala. Acts 1976, Act. No. 754, p. 1038. Under the Split Sentence Act a 20-year sentence must initially include at least 3 years of confinement followed by a probationary *995 term, which may include all or part of the suspended portion of the sentence, for a maximum of 17 years of probation on a 20-year sentence:[13]
“(a) When a defendant is convicted of an offense, other than a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.”
15-18-8, Ala.Code 1975.
In Burge v. State, 623 So.2d 450 (Ala.Crim.App.1993), this court, construing an earlier version of the Split Sentence Act, before the amendment that allowed it to apply to a 20-year sentence, held:
“The legislature, in enacting § 15-18-8, obviously intended to provide that a defendant could be sentenced to imprisonment not exceeding three years, after which he could be placed on probation for the remainder of his sentence, even if that sentence was 15 years’ imprisonment. We find no conflict between the two statutes. We construe §§ 15-22-54(a) and 15-18-8 so that each is afforded a field of operation. Hatcher v. State, 547 So.2d 905 (Ala.Cr.App.1989).”
623 So.2d at 451.

Illegal Sentences That Exceed Statutory Limits

Although no case decided by the appellate courts of Alabama has squarely held that consecutive split sentences are illegal, several cases have held that a sentence imposed under the Split Sentence Act that resulted, after consideration of pretrial and other confinement, in a total period of confinement in excess of the limits established by the Split Sentence Act is illegal.
“Here, the five-year period of confinement imposed on Gray upon revocation of his probation exceeded the maximum *996 three-year period of confinement allowed by § 15-18-8 and, although the court credited Gray with 7 months and 19 days of confinement, it appears that Gray had actually served 9 months in confinement (3 months of confinement imposed at the original sentencing and 6 months of confinement imposed upon the first revocation of Gray’s probation), and the sentence still left Gray with over 4 years of confinement to serve. Thus, the additional five years of confinement imposed upon revocation of Gray’s probation resulted in an illegal sentence, and Gray is entitled to be resentenced.”
Gray v. State, 939 So.2d 962, 964-65 (Ala.Crim.App.2006).
“Phillips argues that the trial court ‘abused its discretion’ and ‘impose[d] an illegal sentence by ordering ... that the defendant’s already split sentences be split again and by ordering concurrent sentences be run consecutively].’
“Section 15-22-54(d)(2), Ala.Code 1975, provides that if the trial court revokes probation, it may, after a hearing, impose the original sentence that had been suspended or any lesser sentence. In the instant case, Phillips was sentenced under § 15-18-8, Ala.Code 1975, the Split Sentence Act. Pursuant to our recent decision in Dixon v. State, 912 So.2d 292 (Ala.Crim.App.2005), Phillips’s period of confinement could not exceed 3 years — the maximum set forth in § 15-18-8(a)(1) where the sentence imposed is not more than 15 years. See Phillips v. State, 755 So.2d 63 (Ala.Crim. App.1999); Havis v. State, 710 So.2d 527 (Ala.Crim.App.1998). Because the trial court’s revocation order imposing an additional three-year term of imprisonment for each felony conviction neglected to take into consideration the time Phillips had already served, the total period of confinement ordered exceeded the three-year maximum allowed under § 15-18-8(a)(1), Ala.Code 1975. Dixon v. State, 912 So.2d at 298. Therefore, Phillips must be resentenced.”
Phillips v. State, 932 So.2d 165, 166-67 (Ala.Crim.App.2005) (footnote omitted).
In accord with the previous authority is Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003), in which the confinement portion of the split sentence was 5 years and 6 months and no probation was ordered; Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003), where the trial court did not have jurisdiction, pursuant to the Split Sentence Act, to order 10 years in confinement; and McQueen v. State, 829 So.2d 783 (Ala.Crim.App.2002), in which the trial court split a 15-year sentence and ordered 5 years’ confinement.
Although this court is required to notice an illegal sentence even if the issue is not explicitly raised,[14] at times this court has reviewed convictions in cases in which consecutive split sentences had been imposed but were not challenged on appeal, and it did not take judicial notice of the illegally imposed sentences. However, as the majority notes, it cannot be said that this failure to notice that consecutive split sentences were illegal when that question was *997 not presented on appeal is authority for the proposition that such sentences are legal sentences.

Limitations on Consecutive Sentences of Probation

I have found no case that directly addresses the propriety of sentencing a convicted felon to consecutive split sentences, and the majority cites none.
Brand correctly argues that the principles announced in Minshew, supra, and Ex parte Jackson, supra, prohibited the trial court from legally sentencing him to two consecutive split sentences. Ex parte Jackson and Minshew, held that a sentencing order that resulted in consecutive periods of probation in excess of the limitations on the length of probation set in the applicable Code sections resulted in an illegal sentence. Ex parte Jackson was based on the limitation of probation for a youthful offender to three years or less in § 15-19-6(a)(2), Ala.Code 1975. Minshew was based on Ex parte Jackson and the limitation of probation to a maximum of five years contained in § 15-18-8, Ala. Code 1975, for an adult felony offender not sentenced under the Split Sentence Act. In a similar fashion, the Split Sentence Act contains built-in limitations on the sentence that may be imposed under it, and the reasoning from Ex parte Jackson and Minshew applies here.
In Minshew we held:
“Section 15-22-54(a)[, Ala.Code 1975,] provides:
“ ‘The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.’
“(Emphasis added.) In Ex parte Jackson, 415 So.2d 1169 (Ala.1982), the Alabama Supreme Court, in addressing consecutive probationary periods in the youthful-offender context, stated:
“‘By the enactment of the Youthful Offender Act, the legislature not only sought to provide an alternative method of sentencing minors, but, in fact, created a procedure separate and apart from the criminal procedure dealing with adults accused of the same offense. Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975). Code of 1975, § 15-19-6(a)(2) establishes the maximum probationary sentence or period allowable for a youthful offender, i.e., three years. That limitation on a sentence of probation is obviously one of the intended advantages of the Act. By comparison, the maximum probationary period for “adult” defendants found guilty of a felony is five years. Code of 1975, § 15-22-54(a).[2] Hence, consecutive sentences of probation would thwart the intention of the legislature. Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the preceding probationary period.
“ ‘If the defendant had been convicted simultaneously of two separate felonies and placed under sentences of probation, the probationary time could not have exceeded three years. The sentences would have had to be *998 served concurrently rather than consecutively.
[[Image here]]
“415 So.2d at 1170 (emphasis added). Thus, if, as he claims, Minshew’s probationary term in ease no. CC-86-727 was to run consecutively to his other probationary terms, it would be illegahin violation of § lo-22-54(a).”
975 So.2d at 397.
The rationale applied by the Alabama Supreme Court in Ex parte Jackson, and by this Court in Minshew mandates a similar result here. The consecutive sentences imposed by the trial court exceeded the maximum allowed by the Split Sentence Act and constituted an illegal sentence. Furthermore, as explained in this dissent, there is no logical way for consecutive split sentences to be served; for this additional reason, the trial court’s sentence was an illegal one.

Consecutive Sentences

Section 14-3-38, Ala.Code 1975, entitled “How sentences to be served on two or more convictions; effect of a convict’s conduct thereon,” provides:
“(a) When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively, the first term thereof beginning to run from the date on which such prisoner is received at the penitentiary, reformatory or jail for service of the sentence or at some place of detention to await transportation to the place where his sentences are to be served and his second and subsequent terms, each, beginning on the expiration of the preceding term. When the judgment sentence contains a fixed order that the term shall run concurrently, such sentences shall run concurrently from the date on which such convict is received for serving of the sentences as prescribed above.”
This section was last amended in 1961, see Ala. Acts 1961, Act No. 82, p. 1998, § 1, and predates the Split Sentence Act, § 15-18-8, Ala.Code 1975, which was first enacted in 1976. See Ala. Acts 1976, Act No. 754, p. 1038.

Department of Corrections’ Treatment of Consecutive Split Sentences

The Alabama Department of Corrections has no regulation governing how consecutive split sentences are to be served. In practice, an inmate sentenced to consecutive split sentences serves the confinement portion of each sentence consecutively then is released from custody. At that point, a probation officer with the Board of Pardons and Parole monitors the inmate’s behavior during the suspended probationary portions of the inmate’s sentence that were to be supervised.
Reconciling the Split Sentence Act with § 14-3-38 — Statutory Construction
The legislature did not provide for consecutive split sentences in the Split Sentence Act, nor did it specify, if such sentences were imposed, whether the confinement portions of consecutive split sentences were to be served consecutively, if not specifically directed to be served concurrently.
Because the legislature did not provide any guidance regarding whether split sentences could be imposed or, if imposed, how they would be served, to determine whether consecutive sentences may be imposed under the Split Sentence Act, it is necessary to apply the principles of statu *999 tory interpretation. If possible, both the Split Sentence Act and § 14-3-38, providing for consecutive sentences, should be harmonized and each given a field of operation.
“While it is true that penal statutes must be strictly construed, McDonald v. State, 32 Ala.App. 606, 28 So.2d 805 (1947), the construction should not defeat the obvious intent of the legislature, Walton v. State, 62 Ala. 197 (1878), or destroy the spirit and force of the law the legislature intended to enact, American Tobacco Co. v. Werckmeister, 207 U.S. 284, 28 S.Ct. 72, 52 L.Ed. 208 (1907).
“In addition, in construing a statute the court must, if possible, avoid a construction which would render the statute in conflict with other statutes. State v. Martin, 160 Ala. 190, 48 So. 847 (1909); Bell v. Mar-Mill Steel & Supply Co., Civ.App., 54 Ala.App. 432, 309 So.2d 471 (1975).”
Mayberry v. State, 419 So.2d 262, 265 (Ala.Crim.App.1982).
“ ‘ “Where, as here, this Court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.” Ex parte Holladay, 466 So.2d 956, 960 (Ala.1985). “[T]he fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute.... In construing the statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible.... We may also look to the reason and necessity for the statute and the purpose sought to be obtained by enacting the statute.” Pace v. Armstrong World Industries, Inc., 578 So.2d 281, 283 (Ala.1991). “If possible, the intent of the legislature should be gathered from the language of the statute itself. However, if the statute is ambiguous or uncertain, the Court may consider conditions that might arise under the provisions of the statute and examine the results that will flow from giving the language in question one particular meaning rather than another.” Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301,1305 (Ala.1991).
“ ‘ “[A]mbiguous criminal statutes must be narrowly interpreted, in favor of the accused.” United States v. Herring, 933 F.2d 932, 937 (11th Cir.1991). “[I]t is well established that criminal statutes should not be ‘extended by construction.’ ” Ex parte Evers, 434 So.2d 813, 817 (Ala.1983). “ ‘[C]riminal statutes must be strictly construed, to avoid ensnaring behavior that is not clearly proscribed.’” United States v. Bridges, 493 F.2d 918, 922 (5th Cir.1974).’
“Carroll v. State, 599 So.2d 1253, 1264 (Ala.Crim.App.1992), aff'd, 627 So.2d 874 (Ala.1993).
“‘In addition, it is also understood that the law favors rational and sensible construction. See King v. State, 674 So.2d 1381 (Ala.Crim.App.1995). In construing statutes, courts are not required to abandon common sense. See Sellers v. State, 935 So.2d 1207 (Ala.Crim.App.2005). In Garrison v. Sumners, 223 Ala. 17, 134 So. 675 (1931), the Alabama Supreme Court aptly noted:
*1000 “ ‘ “The statute in question belongs to the criminal law. It is a fundamental rule of construction that penal statutes must be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. 36 Cyc. 1184. On the other hand, such statutes are not to be extended by construction. Gunter v. Leckey, 30 Ala. 591 [ (1857) ]. In Huffman v. State, 29 Ala. [40,] 44 [(1856)], quoted in Walton v. State, 62 Ala. [197,] 199 [ (1878) ], this court said: ‘While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, when its words are broad enough to embrace such case.’ ”
“ ‘223 Ala. at 18,134 So. at 676.’.
“Hankins v. State, 989 So.2d [610] at 618 [ (Ala.Crim.App.2007) ].”
State v. Garner, 28 So.3d 831, 835-36 (Ala.Crim.App.2009).
If the dictates of § 14-3-38, AIa.Code 1975, were strictly followed, i.e., that “second and subsequent terms, each, begin on the expiration of the preceding term,” and the word “term” in the statute means the entire length of the sentence, then Brand must serve the sentence for count 7 in its entirety before the sentence for count 8 could be served.
Under this interpretation of the meaning of “term,” if Brand began the confinement portion of his sentence on count 7, served 5 full years, then served 10 years on supervised probation, and then served the additional 5 years as a suspended sentence, 20 years would have elapsed. Because § 15-18-8, Ala.Code 1975, prevents a prisoner from earning correctional incentive-time deductions while serving a split sentence and such deductions cannot be earned while on probation, the sentence would not be terminated prior to a full 20 years. Then, if Brand successfully completed the probationary portion of his sentence under count 7, he would have to report to prison once again after being out of prison, on probation and during the suspended portion of his sentence for count 7, for a total of 15 years. Only then would he begin serving the confinement portion of his sentence under count 8. It is difficult to believe that this was the result intended by the trial court.
Section 14-3-38 provides, in pertinent part:
“When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, ... such sentences shall be cumulative and shall be served consecutively, the first term thereof beginning to run from the date on which such prisoner is received at the penitentiary, ... and his second and subsequent terms, each, beginning on the expiration of the preceding term,”
If the above-quoted language of § 14-3-38 is construed in the context of consecutive split sentences, so that the word “term” and the words “second and subsequent terms” in the § 14-3-38 refer not to the whole split sentence imposed, but only to the confinement portions of consecutive split sentences, as the Department of Corrections does in practice, the question arises of how to implement the probationary portion of each sentence.
Each of the consecutive split sentences imposed on Brand contained a 15-year suspended sentence, 10 years of which was to be served on supervised probation. If each period of probation was served consecutively, then Brand would serve a total of 20 years’ probation.
*1001 One interpretation of the Split Sentence Act could require an inmate sentenced to consecutive split sentences to serve the confinement portion of each sentence in succession; however, under this interpretation, the period of incarceration under the Split Sentence Act would exceed the five-year limitation found in the Act itself and would appear to thwart the intent of the legislature. Such a construction is also at odds with the trial court’s direction that the confinement portion of each sentence be followed by a period of probation.
If, after two consecutive periods of 5 years confinement, the 10-year probationary period ordered in count 7 was followed by the remaining 5-year suspended sentence in count 7, then the 10-year period of probation ordered under count 8 was served followed by the remaining 5-year suspended sentence, notwithstanding the nonsensical nature of the sentence a total of 20 years of probation would still have been ordered, again exceeding the statutory limitation and running afoul of the principles announced in Ex parte-Jackson, 415 So.2d 1169 (Ala.1982), and Minshew v. State, 975 So.2d 395, 397 (Ala.Crim.App.2007).
It is possible to construe the trial court’s sentencing order to mean that only five years of supervised probation was intended for each offense. This would be a result of treating the language making a first condition of probation the service of a term of confinement for five years count as five years of supervised probation. If that were the construction applied, then the same problems inherent in determining when the second period of supervised probation would be served, and the unworkable overlap of confinement and probation would still exist, though the total period of supervised probation would not exceed the limits found in the Split Sentence Act.
It is obvious from the discussion above regarding -the ways consecutive split sentences in this case might be served, that the imposition of such sentences produces irrational and nonsensical results. It defies common sense to interpret the Split Sentence Act to allow a situation in which a defendant could be sentenced to consecutive split sentences that would require that he or she spend a total of 15 years after the initial 5-year period of confinement— 10 on probation, then 5 years suspended— and only then be required to serve another 5 years in confinement. The other permutations delineated above regarding the possible ways of implementing consecutive split sentences likewise produce irrational and nonsensical results.
“A fundamental rule of statutory construction is, ‘If a statute is susceptible of two constructions, one of which is workable and fair and the other unworkable and unjust the court will assume that the legislature intended that which is workable and fair.’ State v. Calumet and Hecla Consol. Copper Co., 259 Ala. 225, 233-34, 66 So.2d 726, 731 (1953).”
Ex parte Hayes, 405 So.2d 366, 370 (Ala.1981).
The majority holds that nothing in the Split Sentence Act indicates that § 14-3-38, Ala.Code 1975, does not apply. However, the fact that the majority has to remake the consecutive split sentences imposed by the trial court into a new sentence where the confinement portion of the second sentence necessarily runs concurrently with the probationary portion of the first sentence demonstrates that the legislature did not consider consecutive split sentences to be a possibility under the Split Sentence Act. Under the majority’s reasoning, an inmate convicted of five offenses could be sentenced to five consecutive periods of confinement of five years each and the probationary portion of the *1002 first sentence would be entirely subsumed by the confinement portion of the second and subsequent sentences. The statutory scheme implemented in the Split Sentence Act, which forbids imposition of good time and allows an extended period of probation, would be turned on its head by sentencing an inmate in this manner. The Split Sentence Act has a specific purpose. That purpose is thwai'ted by the imposition of consecutive split sentences for counts treated in the same sentencing hearing.

Imposition of Consecutive Split Sentences Results in an Illegal Sentence

In effect the imposition of these two consecutive split sentences in this case converts them into one split sentence with 10 years’ confinement followed by probation. Because the Split Sentence Act limits confinement to five years, this results in an illegal sentence.
It is clear that an interpretation of the Split Sentence Act that allows imposition of consecutive split sentences produces unworkable and unjust results, while a construction that allows only concurrent sentences to be imposed under the Act is workable and fair. For the forgoing reasons I would hold that the imposition of consecutive split sentences was not contemplated by the legislature and that the imposition of consecutive split sentences results in an illegal sentence. Ultimately, this issue should be resolved by the Alabama Supreme Court.
Because Brand stated a valid claim in his petition, I would hold that the circuit court erred by dismissing it, and would remand this case to the trial court with instructions that the trial court grant the Rule 32 petition and thereafter hold a new sentencing hearing and resentence Brand in accordance with the principles announced in this dissent.
For all of the foregoing reasons, I respectfully dissent.
KELLUM, J., concurs.

. Because the concept of probation is antithetical to that of confinement, it appears that the trial court, when it ordered as a first condition of probation that Brand should serve a period of five years in the custody of the Department of Corrections, may have merely meant to emphasize that misbehavior during the confinement portion of Brand’s sentence could result in revocation of the probationary portion of the sentence. Section 15-18-8(c), Ala.Code 1975, provides, in pertinent part:
"Regardless of whether the Defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a) the Court shall retain jurisdiction and authority throughout said ... period ... and the Court may revoke ... probation.”
See, e.g., Leonard v. State, 686 So.2d 554, 555-56 (Ala.Crim.App.1996), Vogel v. State, 543 So.2d 200 (Ala.Crim.App.1989), and Wilcox v. State, 395 So.2d 1054 (Ala.1981).

. However, once a sentence is imposed in accord with § 15-18-8(a)(1), Ala.Code 1975, then, pursuant to § 15-18-8(c), a sentencing judge may suspend any portion of that sentence and place the prisoner on probation. Ex parte McCormick, 932 So.2d 124 (Ala.2005).

. " ‘We are required to notice an illegal sentence and remand to the sentencing court for a proper sentence. See, e.g., Kennedy v. State, 929 So.2d 515, 523 (Ala.Crim.App.2005); and Mosley v. State, 986 So.2d 476 (Ala.Crim.App.2007).’ Glass v. State, 14 So.3d 188, 194 (Ala.Crim.App.2008). ‘Matters concerning unauthorized sentences are jurisdictional Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994). 'Indeed, the illegality of a defendant's sentence is a ground specified in Rule [32], Ala. R.Crim. P., for a collateral post-conviction remedy.' Ex parte Brannon, 547 So.2d 68 (Ala.1989) (in which Brannon claimed that he had been improperly sentenced under the Alabama Habitual Felony Offender Act).” Holliday v. State, 75 So.3d 1220 (Ala.Crim.App.2011).

“‘

[2]

Although Code of 1975, § 15-22-5^(a) is not before us, we note that our discussion of consecutive probationary periods nonetheless applies to that statute.'