We granted the writ of certiorari directed to the Court of Criminal Appeals, 415 So.2d 1167 to review a question of first impression: Whether a trial court has the authority to order that separate probation sentences *Page 1170 
imposed under the Youthful Offender Act run consecutively.[1] We hold that the imposition of consecutive probationary sentences would contravene the purpose of the Act.
On October 21, 1976, petitioner was sentenced under a youthful offender conviction and placed on probation for three years. On April 22, 1977, petitioner was again adjudged a youthful offender and sentenced to three years of probation torun consecutively to the October 21, 1976, sentence. On March 25, 1981, after a hearing on delinquency charges, the District Court of Mobile County revoked petitioner's probation and reinstated the suspended sentence of three years which had been imposed on April 22, 1977. The Court of Criminal Appeals affirmed the judgment.
Petitioner argued to the Court of Criminal Appeals, and now to this Court, that the trial court was without jurisdiction to reinstate the April 22, 1977, sentence because his probation period ended on April 22, 1980, three years after he was last sentenced as a youthful offender. Petitioner relies upon Code of 1975, § 15-19-6 (a)(2), which provides:
 "(a) If a person is adjudged a youthful offender and the underlying charge is a felony, the court shall:
. . . .
 "(2) Place the defendant on probation for a period not to exceed three years;"
The Court of Criminal Appeals, finding no direction from the Youthful Offender Act as to what to do when multiple sentences under separate youthful offender convictions are imposed, affirmed the district court and held the consecutive sentences of probation, an aggregate of five and one-half years, to be proper. The Court of Criminal Appeals based its holding upon Code of 1975, § 14-3-38 (a) and Rule 11 (a) of the Alabama Rules of Criminal Procedure, Temporary Rules, which provide that sentences of imprisonment shall be served consecutively. Neither the statute nor the rule addresses sentences ofprobation and they are, therefore, inapplicable.
It is our judicial obligation to construe statutes in such a way as to carry out the will of the legislative branch of the government. That is, we are to ascertain and effectuate the intent of the legislature as expressed in the statute. By the enactment of the Youthful Offender Act, the legislature not only sought to provide an alternative method of sentencing minors, but, in fact, created a procedure separate and apart from the criminal procedure dealing with adults accused of the same offense. Raines v. State, 294 Ala. 360, 317 So.2d 559
(1975). Code of 1975, § 15-19-6 (a)(2) establishes the maximum probationary sentence or period allowable for a youthful offender, i.e., three years. That limitation on a sentence of probation is obviously one of the intended advantages of the Act. By comparison, the maximum probationary period for "adult" defendants found guilty of a felony is five years. Code of 1975, § 15-22-54 (a).[2] Hence, consecutive sentences of probation would thwart the intention of the legislature. Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the preceding probationary period.
If the defendant had been convicted simultaneously of two separate felonies and placed under sentences of probation, the probationary time could not have exceeded three years. The sentences would have had to be served concurrently rather than consecutively. Occasionally, as here, a case will arise where a defendant currently under probation is sentenced under a subsequent conviction and placed on probation. That new term of probation must commence with sentencing, even though the first period of probation has not yet expired. *Page 1171 
Otherwise, the maximum time limitation set forth by the legislature would be nullified.
In the present case, although petitioner was actually under probation for an aggregate period exceeding three years (October 21, 1976, to April 22, 1980), he was serving separate sentences of probation. Neither sentence, however, exceeded three years and both commenced at the time of sentencing. For a period of time, from April 22, 1977, to October 21, 1979, the sentences were served concurrently. The second term of probation ran from the date of sentencing, April 22, 1977, to April 22, 1980, the maximum period allowable under Code of 1975, § 15-19-6 (a)(2). The effect of ordering that the two sentences of probation run consecutively was to thwart the mandate of the statute. Therefore, because petitioner was no longer under probation, we find that the trial court was without jurisdiction to enter the order of revocation on March 25, 1981.
For these reasons the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to that Court for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Justices concur.
[1] We recognize that nothing prevents a trial court from denying youthful offender status to a defendant on a second offense.
[2] Although Code of 1975, § 15-22-54 (a) is not before us, we note that our discussion of consecutive probationary periods nonetheless applies to that statute.