Jimmie Lee Hatcher was convicted for the unlawful sale of cocaine, sentenced to 15 years' imprisonment, and fined $2,500.
 I
Although the issue of the sufficiency of the evidence is raised, appellant's counsel candidly admits that the evidence is sufficient to sustain the conviction. This case involved a controlled purchase of crack cocaine.
 II
The appellant was sentenced "to the term of fifteen (15) years, split such that Jimmy Lee Hatcher is to serve three (3) in the state penitentiary and twelve (12) years on probation."
Alabama Code 1975, § 15-22-54(a), provides, in pertinent part, "nor shall the maximum probation period of a defendant guilty of a felony exceed five years." That section is contained in the portion of the Alabama Code authorizing and defining the power of the courts to grant and revoke probation. That section was carried over from Alabama's 1940 Code.
The authority to sentence a defendant to a "split" sentence is found in Ala. Code 1975, § 15-18-8 (amended effective April 7, 1988). Subsection (a)(1) of § 15-18-8 provides:
 "(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the state of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
 "(1) That the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best, . . ."
Subsection (b) of § 15-18-8 provides, in part, that "Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment."
It is clear to this Court that the legislature, in enacting the provisions of § 15-18-8, intended to provide that a defendant could be sentenced to mandatory confinement for a period not exceeding three years, after which the defendant would be placed on probation for the remainder of his sentence, even if that sentence were 15 years.
This interpretation is required by fundamental and standard rules of statutory construction. "It is a fundamental principle of statutory construction that statutes covering the same or similar subject matter should be construed in pari materia." Exparte Johnson, 474 So.2d 715, 717 (Ala. 1985). "[A]ll statutes relating to the same subject or having the same general purpose [must] be read together to constitute one law." Florence v.Williams, 439 So.2d 83, 87 (Ala. 1983). "Where two statutes are related to the same subject and embrace the same matter, a specific or particular provision is controlling over a general provision." Baldwin County v. Jenkins, 494 So.2d 584, 588 (Ala. 1986). "[S]pecific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects." Murphy v. City of Mobile, 504 So.2d 243, 244
(Ala. 1987).
"In determining legislative intent, statutes are, where possible, construed in harmony with statutes existing at the time of enactment, so that each is afforded a field of operation." Sullivan v. State ex rel. Attorney General ofAlabama, 472 So.2d 970, 973 (Ala. 1985). "It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and *Page 907 
existing law and legislation on the subject of the statute."Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App. 1977). "[I]n cases of conflicting statutes on the same subject, the latest expression of the legislature is the law. Where a conflict exists between statutes, the last enactment must take precedence." Jenkins, 494 So.2d at 588 (citations omitted).
The appellant's sentence of three years' imprisonment and twelve years' probation is proper.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.