William Ray Minshew appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1987 convictions, entered pursuant to guilty pleas, for four counts of theft of property in the second degree and his resulting sentences of 10 years' imprisonment for each conviction. Minshew stated that the sentences were suspended, and that he was placed on five years' probation for each conviction, with the probationary periods to run consecutively. Minshew stated in his petition that he did not appeal from those convictions.
Minshew filed the present Rule 32 petition, which he concedes is his fourth petition, on June 30, 2005. In his petition, Minshew alleged: (1) that the trial court lacked jurisdiction to accept his guilty pleas because, he said, the indictments were defective and void; (2) that the trial court lacked jurisdiction to accept his pleas because, he said, the trial court improperly amended the indictments; and (3) that his sentences exceeded the maximum authorized by law because, he said, by running his probationary terms consecutively he received a total of 20 years' probation when the maximum probationary period for a felony, pursuant to § 15-22-54(a), Ala. Code 1975, is 5 years. Without receiving a response from the State, the circuit court summarily denied his petition on May 30, 2006.
Initially, we note that in his petition Minshew challenged all four of his theft convictions and sentences — case nos. CC-86-727, CC-86-728, CC-86-729, and 87-631. However, on his notice of appeal, Minshew listed only case no. CC-86-727. Therefore, this appeal concerns only the circuit court's denial of Minshew's petition as it relates to his conviction and sentence in case no. CC-86-727, and although Minshew challenges in his brief on appeal the circuit court's denial of his petition as it relates to his convictions in case nos. CC-86-728, CC-86-729, and CC-87-631, those cases are not properly before this Court.
Claims (1) and (2), as set out above, although couched in jurisdictional terms, are not truly jurisdictional. See Exparte Seymour, 946 So.2d 536, 539 (Ala. 2006) (holding that the validity of an indictment "is irrelevant to whether the circuit court had jurisdiction over the subject matter of *Page 397 
th[e] case" and overruling Ex parte Lewis,811 So.2d 485 (Ala. 2001), and Ash v. State, 843 So.2d 213
(Ala. 2002)). Therefore, these claims are barred by Rule 32.2(a)(5), because they could have been, but were not, raised and addressed on appeal; by Rule 32.2(b), because Minshew's petition is a successive petition; and by Rule 32.2(c), because Minshew's petition was filed long after the limitations period had expired.
Claim (3), as set out above, is jurisdictional and, thus, is not subject to the procedural bars in Rule 32.2. SeeMcWilliams v. State, 587 So.2d 1064
(Ala.Crim.App. 1991). Moreover, this claim is meritorious. Section 15-22-54(a) provides:
 "The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant."
(Emphasis added.) In Ex parte Jackson, 415 So.2d 1169
(Ala. 1982), the Alabama Supreme Court, in addressing consecutive probationary periods in the youthful-offender context, stated:
 "By the enactment of the Youthful Offender Act, the legislature not only sought to provide an alternative method of sentencing minors, but, in fact, created a procedure separate and apart from the criminal procedure dealing with adults accused of the same offense. Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975). Code of 1975, § 15-19-6(a)(2) establishes the maximum probationary sentence or period allowable for a youthful offender, i.e., three years. That limitation on a sentence of probation is obviously one of the intended advantages of the Act. By comparison, the maximum probationary period for `adult' defendants found guilty of a felony is five years. Code of 1975, § 15-22-54(a).[2] Hence, consecutive sentences of probation would thwart the intention of the legislature. Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the preceding probationary period.
 "If the defendant had been convicted simultaneously of two separate felonies and placed under sentences of probation, the probationary time could not have exceeded three years. The sentences would have had to be served concurrently rather than consecutively.
 "___________________________
 "[2] Although Code of 1975, § 15-22-54(a) is not before us, we note that our discussion of consecutive probationary periods nonetheless applies to that statute."
415 So.2d at 1170 (emphasis added). Thus, if, as he claims, Minshew's probationary term in case no. CC-86-727 was to run consecutively to his other probationary terms, it would be illegal in violation of § 15-22-54(a).[1]
However, we find Minshew's claim to be moot. Minshew conceded in *Page 398 
his petition, and our records reflect, that he was subsequently convicted in 1990 for attempted murder and sentenced, pursuant to the Habitual Felony Offender Act, to life imprisonment without the possibility of parole. SeeMinshew v. State, 594 So.2d 703 (Ala.Crim.App. 1991). Because Minshew is serving a sentence of life imprisonment without parole, there is, in effect, no relief available to Minshew at this point in time. To remand this case now to determine whether Minshew's probationary term for his theft conviction in case no. CC-86-727 was illegally run consecutively to his other probationary terms would not change the fact that Minshew is serving a sentence of life imprisonment without the possibility of parole. "The law does not require the doing of a futile thing." Strickland v.State, 280 Ala. 34, 37, 189 So.2d 774, 776 (1966). See also Howard v. City of Bessemer, 269 Ala. 474,114 So.2d 164 (Ala. 1959) (appeal from denial of petition for a writ of habeas corpus requesting release from confinement held moot where petitioner had been released after completing sentence); Williams v. State, 535 So.2d 197, 198
(Ala.Crim.App. 1988) ("[A]ny question pertaining to appellant's sentence is now moot, since appellant's probation term has been terminated."); and Whitfield v. State,56 Ala.App. 656, 324 So.2d 797 (Crim. 1975) (direct appeal from conviction held moot where defendant's sentence had already been completed). Moreover, although it is unclear from the record in this case whether Minshew's theft conviction in case no. CC-86-727 was used to enhance his subsequent life-without-parole sentence, even assuming that it was, Minshew's illegal-sentence claim would not affect the validity of that conviction or its use for sentence enhancement. In other words, resentencing Minshew now for his theft conviction would not affect Minshew's life-without-parole sentence. Therefore, the circuit court properly denied this claim.[2]
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
[1] The Rule 32 record contains no documentation relating to Minshew's convictions and sentences, such as the case-action summaries or sentencing orders, and Minshew did not appeal his convictions and sentences; therefore, no information is otherwise available to us. In addition, because the circuit court denied Minshew's petition before receiving a response from the State, Minshew's claim in this regard is unrefuted.
[2] Although this was not the reason for the circuit court's denial of this claim, where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court. See Long v.State, 675 So.2d 532, 533 (Ala.Crim.App. 1996).