PER CURIAM.
Marc Wayne Holliday appeals the circuit court’s denial of his Rule 32, Ala.R.Crim. P., petition for postconviction relief, in which he challenged his September 17, 2007, guilty-plea convictions for first-degree sexual abuse and second-degree sodomy,[1] and the resulting sentences of 20 years for each conviction, to be served concurrently. Holliday states in his petition that he did not appeal his convictions and sentences.
Holliday’s first Rule 32 petition was dismissed on May 28, 2008, and he did not appeal that denial. He filed a seeond Rule 32 petition on January 26, 2009, seeking an out-of-time appeal of his first petition. He states in his present petition that his second petition was denied on April 3, 2009. He appealed that denial to this court, and, on August 13, 2009, we remanded this case by order to the circuit court to enter an order, making specific, written findings of fact concerning Holliday’s claim. On return to remand, this court affirmed the circuit court’s denial by unpublished memorandum. Holliday v. State, 64 So.3d 1156 (Ala.Crim.App.2009) (table).
Holliday filed the present Rule 32 petition in June 2010. In his petition, he alleged that his sentences were unauthorized because, he says, they were improperly enhanced pursuant to the Alabama Habitual Felony Offender Act. Specifically, he contends that the two prior convictions used to enhance his sentences were improper, because he had previously been pardoned as to one of the convictions and another had resulted from a plea of nolo contendere.
The State filed a response on January 28, 2010, arguing that Holliday’s signed guilty-plea agreement indicated that he had two prior felony convictions. Thus, the State argued that he was properly sentenced upon conviction of second-degree sodomy, a Class B felony, and first-degree sexual abuse, a Class C felony. Pursuant to § 13A-5-9(b), Ala.Code 1975, upon conviction of the Class C felony with two prior felony convictions, his sentence should be for a Class A felony and, upon conviction of a Class B felony with two prior felony convictions, his sentence was to be between 15 and 99 years. Moreover, the State argued, even if the prior convictions were improperly applied, his sen *1222 tence for the second-degree-sodomy conviction was within the statutory range.
A hearing was held on July 20, 2010, concerning Holliday’s petition. During the hearing, Holliday requested that he be assigned counsel, and the circuit court stopped the proceedings and appointed counsel to represent Holliday. When the proceedings continued, the following transpired:
“THE COURT: There was an indication on the sentencing order that he had two priors, and his pre-sentence investigation indicates at least three, but I cannot tell which of these three indicates — his assault got a pardon in February of '05. And he had two felonies, a battery and felony burglary, back in '86.
“Are those the two you’re saying was nolo contendere? No?
“[Defense counsel]: No, sir. That was the 1990 conviction for burglaries that was pled as a nolo contendere in Florida. But if you’ll look on that pre-sentence report, it’s a little sketchy because all that it says is burglary with an ‘F’ beside it in parentheses and battery with an ‘F’ beside it in parentheses.
“The State has provided me with a copy of the NCIC [National Crime Information Center] report on — I guess it’s NCIC. It’s one of the criminal background checks that they do when they’re investigating criminal histories. And it indicates and the dates reflect a 9/20/86 arrest on those charges.
“But further review of that record indicates that the battery was actually a misdemeanor, but that the burglary was a felony.
“The disposition on that charge, on the felony charge, says convicted. It does not indicate the length of his confinement. So it’s a little bit of a — but it does indicate — it says, level-felony — on the disposition side it says, level, 1-e-v-e-1, level-felony; disposition, convicted. But the number of years that he got is not listed on that report.
“THE COURT: So we know that there’s one prior adult felony conviction that indicates on his NCIC or the Alabama Crime Information System record?
“[Defense counsel]: That’s correct. Short of me asking that the Court — I mean that the DA’s office get a certified copy of that, I don’t have any way to dispute what’s in the report.
“[Prosecutor]: Judge, the State’s position is that we’re going to rely on the agreement that he signed that showed two prior felonies. He had a chance to look over the pre-sentence investigation at the time of his sentencing which shows three prior felony convictions.
“Even if he can show that one was a nolo plea and that one was pardoned, that still leaves him with at least one prior felony conviction that he was aware of at the time of sentencing. And with the charge of sodomy being a B felony and one prior gives him a range of ten to ninety-nine years on it. The sex abuse 1st being a C felony with one prior gives him a range of two to twenty. So the sentence that he was given in the present case is within the range.
“And under Rule 32 it’s the burden of the petitioner, has the burden of proof of showing that he doesn’t have these felony convictions. And, you know, with him agreeing that this was correct at the time of his sentencing, we’re going to rely on this, and our agreement at the time will stand on the sentence at sentencing was within the range and the jurisdiction was proper, the Court was proper to give the sentence that it did.”
(R. 5-7.)
Thereafter, the circuit court asked Hol-liday if “[a]fter having an opportunity to speak with [defense counsel], are you *1223 now satisfied that it falls within the range of punishment, the proper range of punishment?” (R. 8.) Holliday answered affirmatively. The case-action summary reveals that, following the hearing, the circuit court denied the petition, finding that it lacked merit because Holliday’s sentence fell within the proper statutory range.
On appeal, Holliday argues that the circuit court erroneously determined that the use of improper prior convictions to enhance his sentence constituted harmless error.
The State on appeal concedes that this cause is due to be remanded because the two prior felony convictions cited by Holliday as having been used to enhance his sentences were, in fact, improperly used for purposes of enhancement. Because the record revealed that Holliday’s prior burglary conviction from Jefferson County had been pardoned and his civil and political rights restored, it should not have been used to enhance his sentence under the Alabama Habitual Felony Offender Act.
“ ‘Here, the pardon restored not only the appellant’s civil and political rights, but also removed any legal disabilities incurred as a result of his prior felony convictions. Thus, the trial court erred in considering evidence of the pardoned convictions for enhancement purposes. See, e.g. Murray v. State of Louisiana, 347 F.2d 825 (5th Cir.1965). As this Court held in Love v. State, 681 So.2d 1108, 1109 (Ala.Cr.App.1996):
“ ‘ “ ‘Since the first sentence imposed on [the defendant] was invalid, the trial court had not only the power, but the duty, to sentence [the defendant] as required by law. See, Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947).”””
Ex parte Casey, 852 So.2d 175, 180-81 (Ala.2002).
Moreover, a conviction resulting from a plea of nolo contendere may not be used for sentence enhancement under the Alabama Habitual Felony Offender Act. See McCray v. State, 738 So.2d 911, 916 (Ala.Crim.App.1998) (“McCray contends that his sentences were improperly enhanced under the Habitual Felony Offender Act by the use of three prior felony convictions in the State of Florida, which, he says, were based upon nolo contendere pleas. McCray is correct. The Alabama Supreme Court has held that a conviction based upon a plea of nolo contendere cannot be used in Alabama to enhance punishment under the Habitual Felony Offender Act. Ex parte Jenkins, 586 So.2d 176, 177 (Ala.1991). See also, e.g., Kain v. State, 700 So.2d 355, 356 (Ala.Cr.App.1996); McHarris v. State, 678 So.2d 259, 260 (Ala.Cr.App.1996).”). See also McGowan v. State, [Ms. CR-09-0411, November 5, 2010] — So.3d -, -(Ala.Crim.App.2010) (“The certified copies of the convictions in State’s Exhibits # 3 and # 4 indicate that McGowan entered pleas of ‘no contest’ in those cases. Therefore, those convictions could not properly be used to enhance McGowan’s sentence. See Buckner v. State, 632 So.2d 974 (Ala.Crim.App.1993).”).
A review of the hearing indicates that Holliday was sentenced pursuant to the Alabama Habitual Felony Offender Act for having two prior felony convictions as to each current conviction.[2] Although the National Crime Information Center and *1224 presentence investigative reports discussed at the hearing indicate that Holli-day had three prior convictions, there was discussion implying that one of the convictions—the conviction for battery—was a misdemeanor. It is unclear whether the remaining two convictions are due to be eliminated from enhancement consideration as a result of one being pardoned and one being the result of a nolo contendere plea or whether the misdemeanor offense was the prior conviction subject to the nolo contendere bar. Because Holliday’s sentence may not fall within the statutory range, this matter may effect the circuit court’s jurisdiction. “We are required to notice an illegal sentence and remand to the sentencing court for a proper sentence. See, e.g., Kennedy v. State, 929 So.2d 515, 523 (Ala.Crim.App.2005); and Mosley v. State, 986 So.2d 476 (Ala.Crim.App.2007).” Glass v. State, 14 So.3d 188, 194 (Ala.Crim.App.2008). “Matters concerning unauthorized sentences are jurisdictional....” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). “Indeed, the illegality of a defendant’s sentence is a ground specified in Rule [32], Ala.R.Crim.P., for a collateral post-conviction remedy.” Ex parte Brannon, 547 So.2d 68 (Ala.1989) (wherein Brannon claimed that he had been improperly sentenced under the Alabama Habitual Felony Offender Act).
Therefore, this case is due to be remanded to the circuit court for resentenc-ing pursuant to the Alabama Habitual Felony Offender Act and this opinion. If the circuit court determines that a hearing should be held to effectuate this resentenc-ing, the State may introduce evidence of any proper prior convictions, after notifying Holliday, even if these prior convictions were not used for enhancement purposes at his original sentencing. Barr v. State, 4 So.3d 578, 582-83 (Ala.Crim.App.2008), quoting Perry v. State, 861 So.2d 1, 3 4 (Ala.Crim.App.2002), quoting in turn Clements v. State, 709 So.2d 1321 (Ala.Crim.App.1997) (“ ‘ “ ‘If, for whatever reason, another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant of its intent to proceed under the HFOA and can notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of, regardless of whether the State had attempted to prove those particular convictions at the previous sentencing hearing.’ ” ’ ”). A return to remand shall be made to this court within 35 days of this opinion.
REMANDED WITH DIRECTIONS. 
WELCH, P.J., and WINDOM and KELLUM, JJ., concur.

. The record indicates that Holliday was also convicted of third-degree domestic violence; however, he does not challenge that conviction in his Rule 32 petition.

. The above cited discussion indicates that Holliday was arrested in 1986 and convicted in 1990 as to two of the prior offenses.