JOINER, Judge.
James Edward Brand appeals from the Fayette Circuit Court’s summary dismissal of his petition for postconviction relief under Rule 32, Ala. R.Crim. P. Brand’s petition challenged his 2006 convictions for two counts of first-degree sexual abuse, see § 13A-6-66, Ala.Code 1975, and his resulting 20-year sentence on each conviction. We affirm.

*987
Facts and Procedural History

Brand pleaded guilty on May 6, 2006, to two counts of first-degree sexual abuse. The trial court sentenced Brand to 20 years’ imprisonment for each conviction. The trial court split each sentence under § 15-18-8, Ala.Code 1975 (“the Split Sentence Act”), and ordered Brand to serve 5 years in prison and 10 years of supervised probation on each sentence.[1]
Brand did not appeal his convictions. The instant petition, Brand’s first, was deemed filed on July 8, 2010. Brand filed the standard Rule 82 form found in the appendix to Rule 32. He attached a supplement setting out his detailed claims.
In his supplement to the petition, Brand raised three claims.[2] The State’s motion to dismiss asserted that Brand’s claims were not jurisdictional and were precluded under Rule 32.2(a) and untimely under Rule 32.2(c). The circuit court agreed with the State and summarily dismissed the petition in a written order on November 12, 2010. Brand appealed to this Court.
In his brief on appeal, Brand argues only his claim that the court was without jurisdiction to render judgment or to impose sentence because, he says, the sentences imposed exceed the maximum authorized by law or are otherwise not authorized by law. Because Brand’s other claims were not pursued in his brief on appeal, those claims are deemed abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (“We will not review issues not listed and argued in brief.”).

Discussion

Initially, we note that Brand’s challenge to the legality of his sentences is, on its face, a jurisdictional claim and is therefore not subject to the procedural bars of Rule 32.2, Ala. R.Crim. P. See Barnes v. State, 708 So.2d 217, 219 (Ala.Crim.App.1997). Thus, the trial court’s stated reasons for dismissing Brand’s petition were incorrect. Even so, we may affirm the judgment of the circuit court denying the Rule 32 petition if it is correct for any reason.[3] See Reed v. State, 748 So.2d 231 (Ala.Crim.App.1999) (“If the cir *988 cuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition.”).
In Brand’s case, the sentencing court did not specify whether the two split sentences were to be served concurrently or consecutively. Brand contends, however, that the confinement portions of the two sentences must run consecutively under § 14-3-38, Ala.Code 1975. See also Rule 26.12, Ala. R.Crim. P. Section 14-3-38(a), Ala.Code 1975, provides:
“(a) When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative and shall be served consecutively, the first term thereof beginning to run from the date on which such prisoner is received at the penitentiary, reformatory or jail for service of the sentence or at some place of detention to await transportation to the place where his sentences are to be served and his second and subsequent terms, each, beginning on the expiration of the preceding term. When the judgment sentence contains a fixed order that the term shall run concurrently, such sentences shall run concurrently from the date on which such convict is received for serving of the sentences as prescribed above.”[4]
The Split Sentence Act does not address whether, in the absence of an indication by the sentencing court, the confinement portions of multiple split sentences must be served consecutively or concurrently, and nothing in the Split Sentence Act indicates that § 14-3-38, Ala.Code 1975, does not apply to multiple split sentences. Accordingly, we hold that § 14 — 3— 38, Ala.Code 1975, requires that the confinement portions of Brand’s split sentences be served consecutively.
Brand argues that the trial court’s ordering that he serve two consecutive periods of confinement under the Split Sentence Act resulted in an illegal sentence in his case. Specifically, he argues that two consecutive five-year periods of confinement exceed the five-year maximum term of confinement for a 20-year sentence provided for in § 15 — 18—8(a)(1), Ala.Code 1975. We disagree.
The issue presented in this case — involving the propriety of consecutive split sentences — has not been addressed directly in Alabama.[5] Brand primarily relies on this Court’s decision in Minshew v. State, 975 So.2d 395 (Ala.Crim.App.2007), and the Alabama Supreme Court’s decision in Ex parte Jackson, 415 So.2d 1169 (Ala.1982).
In Jackson, the Alabama Supreme Court held that, in the case of a youthful offender, § 15-19-6(a)(2), Ala.Code 1975,[6] did not permit a sentencing court to order consecutive periods of probation in excess *989 of the maximum probationary period of three years as stated in that subsection. The Jackson Court, in a footnote in which it expressly acknowledged the question was not before it, stated that its “discussion of consecutive probationary periods” applied equally to § 15-22-54(a), Ala.Code 1975.[7] Jackson, 415 So.2d at 1170 n. 2.
Relying on this dictum from note 2 in Jackson, this Court in Minshew held that, in the case of an adult felony offender, § 15-22-54(a) prohibited consecutive periods of probation in excess of the maximum probationary period of five years as stated in that subsection. Ultimately, however, the entire discussion in Minshew regarding § 15-22-54 was obiter dictum, because, as Minshew recognized, even if the appellant in Minshew had been correct in his claim that his consecutive probationary periods were illegal, his claim was moot because he was serving a sentence of life imprisonment without the possibility of parole. Minshew, 975 So.2d at 397-98.
Jackson and Minshew — and the principles upon which they were decided — are distinguishable from the present case. Jackson involved construction of the unique legislative scheme established in the Youthful Offender Act. In Jackson, the Supreme Court noted:
“It is our judicial obligation to construe statutes in such a way as to carry out the will of the legislative branch of the government. That is, we are to ascertain and effectuate the intent of the legislature as expressed in the statute. By the enactment of the Youthful Offender Act, the legislature not only sought to provide an alternative method of sentencing minors, but, in fact, created a procedure separate and apart from the criminal procedure dealing with adults accused of the same offense. Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975). Code of 1975, § 15-19-6(a)(2) establishes the maximum probationary sentence or period allowable for a youthful offender, i.e., three years. That limitation on a sentence of probation is obviously one of the intended advantages of the Act. By comparison, the maximum probationary period for ‘adult’ defendants found guilty of a felony is five years. Code of 1975, § 15-22-54(a). Hence, consecutive sentences of probation would thwart the intention of the legislature. Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the preceding probationary period.
“If the defendant had been convicted simultaneously of two separate felonies and placed under sentences of probation, the probationary time could not have exceeded three years. The sentences would have had to be served concurrently rather than consecutively. Occasionally, as here, a case will arise where a defendant currently under probation is sentenced under a subsequent conviction and placed on probation. That new term of probation must commence with sentencing, even though the first period of probation has not yet expired. Other *990 wise, the maximum time limitation set forth by the legislature would be nullified.”
415 So.2d at 1170-71 (emphasis added). This Court expressed a similar concern about upholding a legislative limitation on the length of probation in Minshew, which construed the five-year limit on a probationary period as set out in § 15-22-54(a), Ala.Code 1975. Minshew, 975 So.2d at 397-98. Neither the Youthful Offender Act nor § 15-22-54(a) applies to the Split Sentence Act, which is at issue in Brand’s case. Indeed, the Split Sentence Act authorizes sentencing courts to impose probationary periods much longer than three or five years. See, e.g., Hatcher v. State, 547 So.2d 905, 906 (Ala.Crim.App.1989) (“It is clear to this Court that the legislature, in enacting the provisions of § 15-18-8, intended to provide that a defendant could be sentenced to mandatory confinement for a period not exceeding three [now five] years, after which the defendant would be placed on probation for the remainder of his sentence, even if that sentence were 15 [now 20] years.”[8]). Thus, Jackson and Minshew are not determinative of the issue in Brand’s case.
Likewise not controlling here are cases in which this Court has held that a sentence imposed under the Split Sentence Act that results in a total period of confinement exceeding the maximum as stated in § 15 — 18—8(a)(1) is illegal. See, e.g., Gray v. State, 939 So.2d 962 (Ala.Crim.App.2006); Phillips v. State, 932 So.2d 165 (Ala.Crim.App.2005); Dixon v. State, 912 So.2d 292 (Ala.Crim.App.2005); Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003); Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003); and McQueen v. State, 829 So.2d 783 (Ala.Crim.App.2002). These cases are distinguishable because they involve either (1) a sentence imposed on only one conviction (Gray, Moore, Austin, McQueen) or (2) multiple concurrent sentences (Phillips, Dixon) that were imposed at the same time and that, because the trial court had expressly ordered that they be served concurrently, were in practical effect only one sentence. In this case, however, there were two consecutive sentences of confinement, each of which included a probationary period.
Section 15-18-8(a)(1) of the Split Sentence Act imposes a 5-year maximum period of confinement for a split on a 20-year sentence, but we read that limitation as applying only as to the sentence of confinement imposed for each offense. See 15-18-8(a) (“When a defendant is convicted of an offense.... ” (emphasis added)). In this case, there were two convictions for two separate offenses, and two separate sentences were imposed under the Split Sentence Act — the convictions and sentences simply were imposed at the same time. The fact that Brand’s sentences were imposed at the same time does not mean that they are, for all practical purposes, one sentence. Rather, each sentence is supported by a separate guilty-plea conviction.
A slight change in the facts of this case illustrates that Brand has received two separate sentences for two separate convictions. For example, had Brand entered a guilty plea as to one of the counts and received a split sentence for that conviction and then later (but before completing the first split sentence) had entered a *991 guilty plea to the other count and received an identical split sentence in the same circuit, Brand would have received two separate sentences — each subject to the five-year limit in § 15 — 18—8(a)(1). Similarly, had Brand been convicted in one circuit as to one of the offenses in this case and received a split sentence for that conviction and then later (but before completing the first split sentence) had been convicted of an offense in another circuit and received a split sentence, he would have received two separate sentences for two separate convictions.
In sum, although Brand’s sentences will require him to serve a total of 10 years, he will not be serving more than 5 years’ confinement as to each offense.[9] Accordingly, Brand’s claim that his consecutive five-year periods of confinement are illegal is without merit.
Although Brand does not challenge the separate 10-year probationary portions of his sentences,[10] we address them briefly to determine whether they are legal because, as noted above, “‘[w]e are required to notice an illegal sentence and remand to the sentencing court for a proper sentence.’ ” Holliday v. State, 75 So.3d 1220, 1224 (Ala.Crim.App.2011) (citations omitted). Under Hatcher, the sentencing court in this case was authorized to impose up to 15 years’ probation on each sentence of confinement. See Hatcher, 547 So.2d at 906. The 10 years’ probation imposed on each sentence in Brand’s case was within that 15-year limitation on probation for each split sentence, and therefore the probationary portions of Brand’s split sentences are not illegal.
The dissenting opinion asserts that
“[t]he majority, without citing any authority allowing such action, construes the consecutive sentences ordered by the trial court into a hybrid consecutive and concurrent amalgam, containing some of the characteristics of each type of sentence, resulting in a new sentence that is completely different from the two consecutive sentences actually ordered by the trial court.”
93 So.3d at 992 (emphasis added). As noted above, however, the sentencing court did not specify whether the two split sentences were to run concurrently or consecutively. The dissenting opinion concludes that under § 14-3-38, Ala.Code 1975, both the confinement and the probationary portions of the split sentences must run consecutively. In reaching that conclusion, the dissenting opinion rejects the possibility that the words “sentence” and “term” in § 14-3-38 refer only to “confinement” rather than to “confinement” and “probation.”
*992 Our holding today, however, is that each split sentence must be evaluated individually to determine whether it exceeds the limitations on confinement and probation stated or implied in § 15-18-8.[11] Even if, as the dissenting opinion concludes, the probationary portions of Brand’s sentences must also run consecutively, under our holding the 10-year probationary sentences would not be illegal in this case because each is within the 15-year limitation on probation in § 15-18-8, Ala.Code 1975. Accordingly, it is unnecessary in the instant case to decide whether § 14-3-38, Ala.Code 1975, requires the probationary portions to run consecutively.

Conclusion

Brand’s petition was without merit, and therefore summary dismissal was appropriate. See Rule 32.7(d), Ala.Crim. P. Thus, we affirm the judgment of the circuit court summarily dismissing the petition. Reed, supra.
AFFIRMED.
WINDOM and BURKE, JJ., concur. WELCH, P.J., and KELLUM, J., dissent, with writing by WELCH, P.J., joined by KELLUM, J.

. The trial court entered identical sentencing orders for Brand’s convictions; those orders stated in relevant part:
“THE DEFENDANT IS SENTENCED for a period of 20 yrs to the custody of ( X ) the DEPARTMENT OF CORRECTIONS....
“SUSPENDED SENTENCE
"( X ) This sentence is SUSPENDED and the Defendant is placed on ( X ) supervised (_) unsupervised probation for K) yrs....
“SPLIT SENTENCE
"( X ) As a first condition of probation the Defendant shall serve a period of 5 yrs in the custody of the ( X ) The DEPARTMENT OF CORRECTIONS....
(C. 28-29 (capitalization in original).)

. The trial court’s order summarily dismissing Brand's petition summarized his claims as follows:
“Brand alleges that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief; the Court was without jurisdiction to render the judgment or to impose the sentence; the sentence imposed exceeds the maximum authorized by law or is not otherwise authorized by law; newly discovered material facts exists which require that the conviction or sentence be vacated by the Court; and, petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part.”

.This general rule is subject to exceptions not applicable here. See, e.g., Ex parte Clemons, 55 So.3d 348 (Ala.2007).

. This section was last amended in 1961, see Act No. 82, Ala. Acts 1961. The Split Sentence Act was first enacted in 1976. See Act No. 754, Ala. Acts 1976.

. Cases before this Court involving consecutive split sentences include Chavers v. State, 58 So.3d 829 (Ala.Crim.App.2008), Crane v. State, 964 So.2d 1254 (Ala.Crim.App.2007), Jackson v. State, 969 So.2d 930 (Ala.Crim.App.2007), and Smitherman v. State, 965 So.2d 805 (Ala.Crim.App.2006). In those decisions, the legality of consecutive split sentences was not raised by the parties or by this Court. See Holliday v. State, 75 So.3d 1220 (Ala.Crim.App.2011) ("'We are required to notice an illegal sentence and remand to the sentencing court for a proper sentence.’ ” (citations omitted)).

.Section 15-19-6(a)(2), Ala.Code 1975, provides: "If a person is adjudged a youthful offender and the underlying charge is a felony, the court shall ... [p]lace the defendant on probation for a period not to exceed three years....”

. Section 15-22-54(a), Ala.Code 1975, currently provides:
"The period of probation or suspension of execution of sentence shall be determined by the court, and the period of probation or suspension may be continued, extended, or terminated. However, in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years. When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.”

. The legislature amended § 15-18-8, Ala. Code 1975, in 2000 to increase the maximum period of confinement under § 15-18-8(a)(1) to 5 years and the length of sentence eligible for split-sentence consideration to 20 years. See Act No. 2000-759, Ala. Acts 2000. See also Ex parte McCormick, 932 So.2d 124 (Ala.2005) (discussing the history of amendments to the Split Sentence Act).

. Brand does not dispute that the sentencing court could have elected not to proceed under the Split Sentence Act. Had the sentencing court not split Brand's 20-year sentences, he would be facing 40 years’ imprisonment (2 straight 20-year sentences).

. In his reply, Brand states:
"Brand did argue that his 10 year periods of probation on each sentence was contrary to law also, but he has now conceded to the fact that the Burge [v. State, 623 So.2d 450 (Ala.Crim.App.1993),] case does seem to authorize what the court did[;] however such does not authorize the authority of a court to run two separate periods of confinement consecutively when those two consecutive periods of confinement total terms exceed the 5 year limitation of the Split Sentence Act.
"Brand contends that the gravamen of his argument is that the trial court lacked jurisdiction to order two separate 5 year periods of confinement to run cumulatively or consecutively when their cum[u]lative total periods of confinement would exceed the 5 year limitation of the split sentence Act....”
Brand’s reply brief, pp. 5-6.

. This holding is fundamentally different from the dissenting opinion’s conclusion that the limitations on confinement and probation in § 15-18-8 are maximum limitations regardless of the number of split sentences that have been imposed.