Rel: September 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2023-0427

_____

**Ex parte Courtney Rayshun Elston**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: Courtney Rayshun Elston**

**v.**

**State of Alabama)**

**(Calhoun Circuit Court: CC-08-1025.62;
Court of Criminal Appeals: CR-2022-0823)**

STEWART, Justice.

In 2010, Courtney Rayshun Elston pleaded guilty in the Calhoun Circuit Court ("the trial court") to murder, a violation of § 13A-6-2, Ala. Code 1975, and to discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Ala. Code 1975. Elston was sentenced by the trial court to consecutive terms of 20 years' imprisonment, each of which were split for him to serve five years' imprisonment, to be followed by 15 years of probation. Elston did not appeal. In March 2019, the trial court revoked Elston's probation after finding that Elston had committed first-degree assault while on probation. Elston did not appeal from the probation-revocation order.

In April 2020, Elston filed in the Montgomery Circuit Court a pro se petition that he styled as a petition for the writ of certiorari, arguing, among other things, that his sentences were illegal. That petition was ultimately treated as a petition filed under Rule 32, Ala. R. Crim. P., and was transferred to the trial court. Following the transfer to the trial court, the State moved to dismiss the petition on the grounds that it was precluded, insufficiently pleaded, and without merit. The trial court summarily denied the petition on May 26, 2022, finding that all of Elston's claims were without merit. Elston appealed.

2

On April 28, 2023, the Court of Criminal Appeals issued a memorandum decision affirming the trial court's judgment. Elston v. State (No. CR-2022-0823, Apr. 28, 2023), __ So. 3d __ (Ala. Crim. App. 2023) (table). Elston filed a petition for the writ of certiorari with this Court. This Court granted the petition to review a potential question of first impression -- whether Alabama law permits consecutive split sentences. After reviewing the record on appeal and considering the arguments submitted by the State, we agree with the reasoning of the majority opinion in Brand v. State, 93 So. 3d 985 (Ala. Crim. App. 2011), and conclude that consecutive split sentences are permissible under Alabama law. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

Facts and Procedural History

The Court of Criminal Appeals in their unpublished memorandum summarized the pertinent facts as follows:

> "In 2010, Elston pleaded guilty to murder, a violation of § 13A-6-2, Ala. Code 1975, and discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Ala. Code 1975. Elston was sentenced to consecutive terms of 20 years' imprisonment, and those sentences were split for him to serve five years' imprisonment, to be followed by 15 years of probation. Elston did not appeal his convictions.

3

"In March 2018, Elston was placed on probation, and, in March 2019, the [trial court] revoked his probation based on a finding that he had committed first-degree assault while on probation. It does not appear that Elston appealed the revocation order.

"In April 2020, Elston filed in the Montgomery Circuit Court a pro se petition that he styled a petition for a writ of certiorari. In that petition, Elston argued that his probation had been revoked solely on the basis of hearsay evidence, that his 15-year probationary period was illegal, that the circuit court 'never pronounced in open court' that it was revoking his probation, and that 'the imposition of his consecutive split sentences … resulted in an illegal sentence.' Elston also sought, and was granted, permission to proceed in forma pauperis. In May 2020, Elston amended his petition and appears to have argued that there was not probable cause to support his arrest for the first-degree-assault charge and that, as a result, there was insufficient evidence upon which to revoke his probation.

"On June 22, 2020, the Montgomery Circuit Court dismissed Elston's petition, and Elston filed a timely notice of appeal. On May 18, 2021, this Court concluded that Elston's petition, though styled a petition for a writ of certiorari, had actually raised claims cognizable in a Rule 32[, Ala. R. Crim. P.,] petition. Thus, the Court noted that, pursuant to Rule 32.5, Elston should have filed his petition in the [trial court], where his original convictions occurred. Accordingly, the Court reversed the Montgomery Circuit Court's judgment dismissing Elston's petition and remanded the case to that court for it to transfer the petition to the [trial court].

"After his petition was transferred to the [trial court], Elston filed a 'request to amend writ of certiorari.' In that motion, Elston argued, among other arguments he has not reasserted on appeal, that the [trial] court 'did not have jurisdiction to allow [him] to serve probation and a prison

4

sentence concurrently.'  In support of that claim, Elston alleged the following facts:

> "'Elston['s] DOP "date of probation" is 3/14/2013 and his EOP 'end of probation' is 3/14/2028. According to Alabama Board of Pardons and Paroles officer's report on delinquent probationer, Elston was still incarcerated 3/14/2013 and was not released until 3/6/2018.'
>
> "The State filed a motion to dismiss Elston's petition, arguing that the petition was precluded, insufficiently pleaded, and without merit.
>
> "On May 26, 2022, the [trial] court summarily denied Elston's petition, finding that 'all of [his] claims are without merit.'  Elston filed a timely notice of appeal."

(Citations to the record omitted.)

On appeal, Elston argued, amongst other issues he has not raised in his certiorari petition, that his 15-year probationary period and his consecutive split sentences were illegal.  The Court of Criminal Appeals rejected those arguments:

> "Regarding his challenge to the length of his probationary period, Elston cites § 15-22-54(a), Ala. Code 1975, which provides, in pertinent part, that 'the maximum probation period of a defendant guilty of a misdemeanor may not exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years.'  However,
>
> > "'this Court has previously recognized that the Split Sentence Act[, see § 15-18-8, Ala. Code 1975,]

5

"'"allows the circuit court to impose sentences that would, under other statutory sentencing schemes, be illegal. For example, under § 15-22-54(a), Ala. Code 1975, circuit courts do not have the authority in felony cases to impose terms of probation that exceed five years; the Split-Sentence Act, however, <u>allows circuit courts to impose probationary terms that exceed five years</u>."

"'<u>Mosley v. State</u>, 187 So. 3d 1194, 1202 n.4 (Ala. Crim. App. 2015).'

"<u>Singleton v. State</u>, 209 So. 3d 529, 532 (Ala. Crim. App. 2015) (emphasis added). <u>See also</u> <u>Brand v. State</u>, 93 So. 3d 985 (Ala. Crim. App. 2011) (holding that a defendant who had been sentenced to 20 years' imprisonment could be ordered to serve 5 years' imprisonment, to be followed by 15 years of probation).

"Thus, there is no merit to Elston's claim that his 15-year probationary period was illegal. There is also no merit to Elston's claim that his consecutive split sentences were illegal. <u>See</u> <u>Pack v. State</u>, 331 So. 3d 1179, 1182 (Ala. Crim. App. 2021) ('[T]his Court [has] held that § 15-18-8 … d[oes] not prohibit consecutive split sentences.'). Accordingly, summary denial of these claims was proper."

## Analysis

We granted certiorari review in this case to determine whether Alabama law permits consecutive split sentences. The "Split Sentence Act," § 15-18-8, Ala. Code 1975, authorizes a trial court in certain

circumstances to impose a "split sentence," pursuant to which a defendant serves a limited amount of jail time followed by a period of probation. That act, at the time of Elston's sentencing, provided, in pertinent part:

> "(a) When a defendant is convicted of an offense … which constitutes a Class A or B felony and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
>
>> "(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the

> defendant be placed on probation for the period upon the terms as the court deems best."

Former § 15-18-8(a) (emphasis added).

The Split Sentence Act, however, is silent as to whether a trial court may impose consecutive split sentences or how such sentences should be served. Moreover, the question whether the Split Sentence Act permits the imposition of consecutive split sentences is an issue that has previously divided the Court of Criminal Appeals. In Brand v. State, 93 So. 3d 985 (Ala. Crim. App. 2011), the defendant, James Edward Brand, was convicted of 2 counts of first-degree sexual abuse and sentenced to 20 years' imprisonment for each conviction, with each sentence to run consecutively and each sentence split to serve 5 years in prison and 10 years of probation. The Court of Criminal Appeals held that consecutive split sentences were not illegal, concluding that "each split sentence must be evaluated individually to determine whether it exceeds the limitations on confinement and probation stated or implied in § 15-18-8." 93 So. 3d at 992. In other words, according to the majority in Brand, so long as an individual sentence complies with § 15-18-8, the Split Sentence Act does not prohibit consecutive split sentences. The Brand court reasoned:

8

"Section 15-18-8(a)(1) of the Split Sentence Act imposes a 5-year maximum period of confinement for a split on a 20-year sentence, but we read that limitation as applying only as to the sentence of confinement imposed for each offense. See 15-18-8(a) ('When a defendant is convicted of an offense ....' (emphasis added)). In this case, there were two convictions for two separate offenses, and two separate sentences were imposed under the Split Sentence Act -- the convictions and sentences simply were imposed at the same time. The fact that Brand's sentences were imposed at the same time does not mean that they are, for all practical purposes, one sentence. Rather, each sentence is supported by a separate guilty-plea conviction.

"A slight change in the facts of this case illustrates that Brand has received two separate sentences for two separate convictions. For example, had Brand entered a guilty plea as to one of the counts and received a split sentence for that conviction and then later (but before completing the first split sentence) had entered a guilty plea to the other count and received an identical split sentence in the same circuit, Brand would have received two separate sentences -- each subject to the five-year limit in § 15-18-8(a)(1). Similarly, had Brand been convicted in one circuit as to one of the offenses in this case and received a split sentence for that conviction and then later (but before completing the first split sentence) had been convicted of an offense in another circuit and received a split sentence, he would have received two separate sentences for two seperate convictions.

"In sum, although Brand's sentences will require him to serve a total of 10 years, he will not be serving more than 5 years' confinement as to each offense."

9

93 So. 3d at 990-91; see also Pack v. State, 331 So. 3d 1179, 1182 (Ala. Crim. App. 2021) (citing Brand and holding that the Split Sentence Act "d[oes] not prohibit consecutive split sentences").

Presiding Judge Welch, however, disagreed with the majority in Brand, and, in a dissent joined by Judge Kellum, he posited that the imposition of consecutive split sentences resulted in an illegal sentence. Presiding Judge Welch argued that, in practice, stringing together multiple split sentences leads to a result contrary to the legislature's intent in enacting the Split Sentence Act:

> "If the dictates of § 14-3-38, Ala. Code 1975, were strictly followed, i.e., that 'second and subsequent terms, each, begin on the expiration of the preceding term,' and the word 'term' in the statute means the entire length of the sentence, then Brand must serve the sentence for count 7 in its entirety before the sentence for count 8 could be served.

> "Under this interpretation of the meaning of 'term,' if Brand began the confinement portion of his sentence on count 7, served 5 full years, then served 10 years on supervised probation, and then served the additional 5 years as a suspended sentence, 20 years would have elapsed. Because § 15-18-8 prevents a prisoner from earning correctional incentive-time deductions while serving a split sentence and such deductions cannot be earned while on probation, the sentence would not be terminated prior to a full 20 years. Then, if Brand successfully completed the probationary portion of his sentence under count 7, he would have to report to prison once again after being out of prison, on probation and during the suspended portion of his sentence for count 7,

10

for a total of 15 years. Only then would he begin serving the confinement portion of his sentence under count 8. It is difficult to believe that this was the result intended by the trial court.

"Section 14-3-38 provides, in pertinent part:

"'When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, … such sentences shall be cumulative and shall be served consecutively, the first term thereof beginning to run from the date on which such prisoner is received at the penitentiary, … and his second and subsequent terms, each, beginning on the expiration of the preceding term.'

"If the above-quoted language of § 14-3-38 is construed in the context of consecutive split sentences, so that the word 'term' and the words 'second and subsequent terms' in the § 14-3-38 refer not to the whole split sentence imposed, but only to the confinement portions of consecutive split sentences, as the Department of Corrections does in practice, the question arises of how to implement the probationary portion of each sentence.

"Each of the consecutive split sentences imposed on Brand contained a 15-year suspended sentence, 10 years of which was to be served on supervised probation. If each period of probation was served consecutively, then Brand would serve a total of 20 years' probation.

"One interpretation of the Split Sentence Act could require an inmate sentenced to consecutive split sentences to serve the confinement portion of each sentence in succession; however, under this interpretation, the period of incarceration under the Split Sentence Act would exceed the five-year limitation found in the Act itself and would appear to thwart the intent of the legislature. Such a construction is

11

also at odds with the trial court's direction that the confinement portion of each sentence be followed by a period of probation.

"If after two consecutive periods of 5 years['] confinement, the 10-year probationary period ordered in count 7 was followed by the remaining 5-year suspended sentence in count 7, then the 10-year period of probation ordered under count 8 was served followed by the remaining 5-year suspended sentence, notwithstanding the nonsensical nature of the sentence[,] a total of 20 years of probation would still have been ordered, again exceeding the statutory limitation and running afoul of the principles announced in Ex parte Jackson, 415 So. 2d 1169 (Ala. 1982), and Minshew v. State, 975 So. 2d 395, 397 (Ala. Crim. App. 2007).

"....

"It is obvious from the discussion above regarding the ways consecutive split sentences in this case might be served, that the imposition of such sentences produces irrational and nonsensical results. It defies common sense to interpret the Split Sentence Act to allow a situation in which a defendant could be sentenced to consecutive split sentences that would require that he or she spend a total of 15 years after the initial 5-year period of confinement -- 10 on probation, then 5 years suspended -- and only then be required to serve another 5 years in confinement. The other permutations delineated above regarding the possible ways of implementing consecutive split sentences likewise produce irrational and nonsensical results."

93 So. 3d at 1000-01. Finally, Presiding Judge Welch called on this Court

to resolve the issue:

"It is clear that an interpretation of the Split Sentence Act that allows imposition of consecutive split sentences

12

produces unworkable and unjust results, while a construction that allows only concurrent sentences to be imposed under the Act is workable and fair. For the foregoing reasons I would hold that the imposition of consecutive split sentences was not contemplated by the legislature and that the imposition of consecutive split sentences results in an illegal sentence. Ultimately, this issue should be resolved by the Alabama Supreme Court."

Id. at 1002. Because this Court has never directly addressed this issue,[1] we granted Elston's certiorari petition to consider the legality of consecutive split sentences.

In its brief to this Court, the State argues that consecutive split sentences are legal under Alabama law. First, the State notes that the Split Sentence Act does not prohibit or provide any indication that its terms are not applicable to consecutive sentences. Second, the State notes that consecutive sentences have long been the default in Alabama. Section 14-3-38(a), Ala. Code 1975, which predates the enactment of the Split Sentence Act, provides that

> "[w]hen a convict is sentenced to <u>imprisonment in the penitentiary</u> on two or more convictions, unless it is specifically ordered … that such sentences be served concurrently, <u>such sentences shall be cumulative and shall be served consecutively</u>, the first term thereof beginning to run

---

[1]The defendants in <u>Brand v. State</u>, 93 So. 3d 985 (Ala. Crim. App. 2011), and <u>Pack v. State</u>, 331 So. 3d 1179 (Ala. Crim. App. 2021), did not seek certiorari review by this Court.

from the date on which such prisoner is received at the penitentiary, … and his second and subsequent terms, each, beginning on the expiration of the preceding term."

(Emphasis added.) Likewise, Rule 26.12(a), Ala. R. Crim. P., provides that "[s]eparate sentences of imprisonment imposed on a defendant for two or more offenses shall run consecutively, unless the judge at the time of sentencing directs otherwise …." (Emphasis added.) Thus, the State argues that reading the Split Sentence Act together with § 14-3-38 indicates that the legislature intended to authorize consecutive split sentences.

Furthermore, the State argues that the practice of serving the imprisonment portions of separate split sentences consecutively tracks with the language of § 14-3-38 and Rule 26.12(a), which refer to "terms" of imprisonment. The State posits:

> "These provisions, by focusing on the term of imprisonment (rather than the total sentence of custody + probation + fine + restitution, etc.), suggests just what Elston fights against: that the terms of imprisonment in separate split sentences are to be served first, consecutive to one another, and then the terms of probation are to be served."

State's brief at 55 (emphasis in original). Indeed, it is for this reason that the Court of Criminal Appeals in Brand concluded that "§ 14-3-38, Ala.

14

Code 1975, requires that the confinement portions of ... split sentences be served consecutively." 93 So. 3d at 988.

Notwithstanding the points raised by Presiding Judge Welch in Brand, we conclude that the State's argument is well taken -- consecutive split sentences are not illegal under Alabama law. First, the Court of Criminal Appeals' decision in Brand recognizing the legality of consecutive split sentences promotes a harmonious construction of the relevant statutes. See Willis v. Kincaid, 983 So. 2d 1100, 1103 (Ala. 2007) ("'[S]tatutes must be construed in pari materia in light of their application to the same general subject matter. ... Our obligation is to construe [the] provisions "in favor of each other to form one harmonious plan," if it is possible to do so.'" (citation omitted)). Second, we note that, since the Court of Criminal Appeals issued its decision in Brand in 2011, the Split Sentence Act has been reenacted and amended several times. See Ala. Acts 2015, Act No. 2015-185, p. 476, § 3; Ala. Acts 2015, Act No. 2015-463, p. 1506, § 1; Ala. Acts 2018, Act No. 2018-406, § 1(b)(4); Ala. Acts 2019, Act No. 2019-344, § 1; Ala. Acts 2023, Act No. 2023-461, § 1. In reenacting the Split Sentence Act, the legislature did not amend that act to prohibit consecutive split sentences or otherwise indicate its

15

disapproval with the existing judicial construction of the act. See Wright v. Childree, 972 So. 2d 771, 779 (Ala. 2006) ("'[W]here a statute is reenacted without a material change, "it must be assumed that the Legislature was familiar with its interpretation by this court and was satisfied therewith."'" (quoting Jones v. Conradi, 673 So. 2d 389, 392 (Ala. 1995), quoting in turn Nolen v. Clark, 238 Ala. 320, 321, 191 So. 342, 343 (1939))). Accordingly, we agree with the reasoning expressed in the majority opinion of the Court of Criminal Appeals in Brand, and we conclude that the imposition of consecutive split sentences for separate offenses does not violate Alabama law. Therefore, Elston has not established that his sentences were illegal -- he pleaded guilty to 2 felonies, and for each he received a sentence of 20 years split to serve five years in prison and 15 years on probation, terms consistent with the

16

language of the Split Sentence Act.[2] We, thus, affirm the judgment of the Court of Criminal Appeals.[3]

<u>Conclusion</u>

The judgment of the Court of Criminal Appeals is affirmed.

AFFIRMED.

Parker, C.J., and Wise, Sellers, and Cook, JJ., concur.

---

[2]Elston does not address whether the probationary periods of his sentences may run concurrently following the consecutive prison terms. Thus, we need not reach that issue. Nor has he argued that the probationary periods violated any ceiling imposed by the Split Sentence Act. To the extent that Elston contends that one of his sentences subjected him to an indefinite term of probation, <u>see</u> <u>Moore v. State</u>, 871 So. 2d 106, 109 (Ala. Crim. App. 2003) (stating that split sentence must include a definite period of probation following the confinement portion of the split sentence), from what we can discern from the record, Elston's sentences included a definite period of probation for each sentence -- 15 years.

[3]After we granted certiorari review in this case, the State moved to expand the issues for certiorari review to include a challenge to the "illegal sentence" rule as expressed in <u>Ex parte McGowan</u>, 346 So. 3d 10, 15 (Ala. 2021), and other cases. Given the timing of the State's request and the fact that Elston is not represented by counsel, we do not consider this to be an appropriate case in which to reconsider the "illegal sentence" rule, and we decline to consider that issue.